**Leotha ROSS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–93–00142–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 26, 1994.

Rehearing Denied June 16, 1994.

Discretionary Review Refused Oct. 5, 1994.

Renato Santos, Jr., Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Leotha Ross, was charged with the murder of his girlfriend, Camly Gail Walker. Appellant plead not guilty and was tried before a jury. The jury found appellant guilty and the trial court assessed punishment at life imprisonment. Appellant raises two points of error. We affirm the judgment of the trial court.

Appellant shot Camly Walker as she arrived at work at the American Plasma Center. Amos Sims, a blood donor, was standing outside the center waiting for it to open and witnessed the murder. As Walker parked her car, appellant fired four shots into the

driver's-side window. Priscilla Perkins, a co-worker of Walker's, went outside after she heard that Walker was injured and helped Walker out of her car. When asked who shot her, Walker repeatedly responded "Lee." Approximately thirty to forty-five minutes later, while en route to the hospital, Walker told Keith Ellery, the ambulance attendant, that her boyfriend had shot her.

In points of error one and two, appellant argues that the testimony of Priscilla Perkins and Keith Ellery regarding the statements of Walker were inadmissible hearsay. Both were admitted by the trial court under the excited utterance exception to the hearsay rule. At trial, appellant argued that Walker's statement to Perkins was not an excited utterance because the statement was not made immediately after the excited condition and because "the responses made by a person in [Walker's] condition do not necessarily become an excited utterance." On appeal, appellant argues that the statement was not relevant because Perkins did not testify why Walker was saying "Lee." Appellant argues that Walker may have mentioned "Lee" as the person she wished to have notified of her condition. Appellant argues that the statements made to Ellery were not excited utterances because they were made in response to Ellery's questions and not made on an impulse.

 An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of the excitement caused by the event or condition." TEX.R.CRIM.EVID. 803(2). While the period of time that lapsed between the occurrence of the startling event and the making of the statement is a factor to consider in determining the admissibility of such statements, the critical factor is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event. *McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). The fact that some of the declarant's statements were in response to questions does not make them inadmissible under the excited utterance exception. *Id.*

 We believe that the testimony of both witnesses regarding Walker's statements were admissible as excited utterances. Walker was clearly under the stress of a startling event at the time she made the statements to Perkins and Ellery. Appellant shot Walker in the chest and hip four times. The statement to Perkins occurred immediately after the shooting and the statement to Ellery was within thirty to forty-five minutes of the attack. Given the severity of her injuries, we believe that Walker was dominated by the emotions, excitement, fear, and pain of the event at the time she made both statements. *See McFarland,* 845 S.W.2d at 846. Furthermore, Walker's statements were relevant because they tended to make a fact that is of consequence, the identity of the murderer, more probable than it would be without the evidence. *See* TEX.R.CRIM.EVID. 401. Appellant's first and second points of error are overruled.

The judgment of the trial court is affirmed.