Affirmed and Memorandum Opinion filed February 13, 2003









Affirmed and Memorandum Opinion filed February 13,
2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00325-CR

____________

 

MICHAEL JEROME PATRICK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at
Law Number 15

Harris County, Texas

Trial Court Cause No. 1093564

 



 

M E M O R A N D U M   O
P I N I O N

A jury found appellant guilty of a class A misdemeanor
assault, and the trial court sentenced appellant to seventy-two days in the
Harris County Jail.  On appeal, appellant
complains that (1) the trial court erred in admitting oral statements by the
complainant, (2) the State failed to prove each element of the offense charged
in the information, and (3) the trial court erred in refusing to grant a
mistrial.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

Two police officers were dispatched to an apartment complex
because of a domestic disturbance.  When  they got to the apartment complex, they saw
appellant standing in the street with a cut on his ear.  After questioning appellant, he explained
that he and his girlfriend, LaQuanna Smith, had gotten in a fight earlier that
night.  Appellant revealed that he
received the cut on his ear because Smith threw a plate at him.  As appellant went to the hospital, the
officers were dispatched to another location in the apartment complex.  When the officers reached the apartment they
discovered a broken plate outside.  The
apartment appeared as if a fight had just taken place, and the woman inside the
apartment appeared disheveled and was upset. 
The officers quickly learned the woman was Smith, appellant’s
girlfriend.  The officers noticed fresh
scratch marks and bruising on Smith’s neck, and she appeared to have just been
hit.  Smith told the officers appellant
had hit her, and he had attempted to choke her because she was going to take
money from her ex-boyfriend.

At trial the two police officers testified to the dispute.[1]  The jury found appellant guilty of assault,
and the trial court assessed punishment at seventy-two days= incarceration.

DISCUSSION

Appellant raises three issues on appeal.  In his first issue, appellant contends the trial
court erred in admitting oral statements of Smith as an excited utterance.  Second, appellant complains the State did not
prove every element of the offense as charged in the information.  Finally, appellant asserts the trial court
erred when it refused to grant appellant=s motion for a mistrial.

I.          Excited Utterance








First, appellant contends the trial court erred by allowing
Smith=s statement in evidence as an excited
utterance.  The decision to admit or
exclude evidence rests solely within the discretion of the trial court.  Williams v. State, 535 S.W.2d 637, 639B40 (Tex. Crim. App. 1976).  A trial court=s decision will not be overturned
absent a clear abuse of discretion.  Montgomery
v. State, 810 S.W.2d 372, 390B91 (Tex. Crim. App. 1990).  Here, we do not find the trial court abused
its discretion.

Rule 803 defines an excited utterance as a “statement
relating to a startling event or condition made while the declarant was under
the stress of excitement caused by the event or condition.”  Tex.
R. Evid. 803(2).  To determine if
a statement qualifies as an excited utterance, (1) the statement must be the
result of a startling occurrence, (2) the declarant must be under pain, fear,
or emotion of the occurrence, and (3) the statement must relate to the circumstances
surrounding the startling occurrence.  Couchman
v. State, 3 S.W.3d 155, 159 (Tex. App.CFort Worth 1999, no pet.).  This Court may also consider how much time
has elapsed between the startling event and the statement.  See Wood v. State, 18 S.W.3d 642, 652
(Tex. Crim. App. 2000) (determining a fourteen-hour delay is excessive for an
excited utterance exception); Ross v. State, 879 S.W.2d 248, 249 (Tex.
App.CHouston [14th Dist.] 1994, writ ref=d) (holding that statement within
thirty to forty-five minutes of an attack was an excited utterance).

Approximately thirty minutes after being called to the
complex, the officers spoke with Smith.  She
was visibly upset and frightened.  She
told the officers that her boyfriend had accused her of taking money from an
ex-boyfriend.  She also said appellant
hit her and choked her.  At trial,
appellant objected to hearsay throughout the officer=s testimony, and the State argued the
testimony fell under the excited utterance exception to hearsay.[2]








The State satisfied the excited utterance exception to
hearsay.  First, the statements Smith
told the officers were the result of the startling occurrenceCthe assault by appellant.  Second, she was in pain from a bleeding lip
and a bruised face.  The officers
testified she was shaking, her voice was quivering, and she was nervous.  Third, the statements she told the officers
related to the assault.  She described
the person who caused the altercation and the reasons behind it. Finally, Smith
gave the statements to the officers approximately thirty minutes after the
altercation.  Considering all the
evidence, Smith clearly made the statements while still dominated by the
excitement of appellant=s assault.  The trial
court did not abuse its discretion in admitting the statements as excited
utterances, and we overrule appellant’s first issue.

II.        Proving
Elements in the Information

Second, appellant complains that the State did not prove
every element of the offense as charged in the information.  Appellant essentially raises a legal
insufficiency claim.  We find the State
proved the three elements in the information appellant complains about.

When reviewing the legal sufficiency of the evidence, this
Court must view the evidence in the light most favorable to the verdict, and
this Court must determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); Garrett v. State, 851
S.W.2d 853, 857 (Tex. Crim. App. 1993). 
This standard of review applies to cases involving both direct and
circumstantial evidence.  King v.
State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  On appeal, this Court does not reevaluate the
weight and credibility of the evidence, but we consider only whether the jury
reached a rational decision.  Muniz v.
State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).  The verdict may not be overturned unless it
is irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).








First, appellant claims the State did not sufficiently prove
identity.  Appellant asserts no witness
actually identified him as the individual who hit Smith.  We disagree. 
The State  linked appellant to the
crime through circumstantial evidence. 
Smith told the officers her boyfriend choked her.  Through more questioning, the officers
ascertained Smith=s boyfriend was appellant. 
Both appellant and Smith told the officers a similar set of facts
regarding the domestic dispute that occurred in their apartment complex.  Appellant told the officers a plate was
thrown at his ear, and when the officers questioned Smith, they discovered a broken
plate outside her apartment.  Appellant,
when questioned at the hospital, admitted he struck Smith, but only in
self-defense.  All of this evidence is
legally sufficient to establish the jury reached a rational decision that
appellant was the same man who struck Smith. 


Next, appellant argues the State did not prove he attacked
Smith with his hand.  Again, we
disagree.  Both police officers, the only
witnesses in this case, testified that Smith told them her boyfriend choked
her.  One officer testified that Smith
told him appellant struck her with his fist. 
Choking and striking someone with a fist are both activities done with
one=s hands.  This evidence is legally sufficient to
establish the jury reached a rational decision that appellant struck Smith with
his hand.

Finally, appellant contends appellant=s requisite intent was not
established because neither of the testifying officers witnessed the
assault.  We disagree.  It is well established that criminal intent
can be inferred from circumstantial evidence, such as the extent of the victim=s injuries.  See Wolfe v. State, 917 S.W.2d 270, 275
(Tex. Crim. App. 1996); Patrick v. State, 906 S.W.2d 481, 487 (Tex.
Crim. App. 1995).  A factfinder can infer
intent from the acts, conduct, and remarks of appellant and from the
surrounding circumstances.  Allen v.
State, 478 S.W.2d 946, 947 (Tex. Crim. App. 1972); Withers v. State,
994 S.W.2d 742, 746 (Tex. App.CCorpus Christi 1999, pet. ref'd).








Uncontradicted testimony exists regarding Smith=s injuries.  Smith had a bleeding lip, she had scratches
and bruising on her neck, and she appeared as if she had been hit.  The jury was free to believe either side, and
chose to believe the State=s view of the facts. 
Appellant=s acts, as well as the nature of the wounds inflicted upon
Smith, were sufficient for the jury to infer appellant intended to cause bodily
injury.  Even though this evidence is
circumstantial, the jury concluded appellant intentionally and knowingly caused
bodily injury to Smith.  This evidence is
legally sufficient to establish the jury reached a rational decision that the
State proved appellant=s intent to cause bodily injury.  Therefore, we find the jury=s verdict on all three issues was
rational, and we overrule appellant’s second issue.

III.       Failing to
Grant a Mistrial

Finally, appellant argues the trial court erred by not
granting appellant a mistrial for violating a motion in limine.  A trial court=s denial of a mistrial is reviewed
under an abuse of discretion standard.  Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  Here, because the trial court instructed the
jury to disregard the statement, a mistrial was not required.

A mistrial is an extreme remedy and is only appropriate when
the event is “so emotionally inflammatory that curative instructions are not
likely to prevent the jury from being unfairly prejudiced against the
defendant.”  Lusk v. State, 82
S.W.3d 57, 60 (Tex. App.CAmarillo 2002, pet. ref’d); see also Shepard v. State,
915 S.W.2d 177, 179B80 (Tex. App.CFort Worth 1996, writ ref’d) (holding a repeated comment on
defendant=s failure to testify warranted a
mistrial).  “Generally, an instruction to
disregard is sufficient to cure error when evidence of an extraneous offense is
placed before the jury in violation of a motion in limine.”  Lusk, 82 S.W.3d at 61; see also
Richards v. State, 912 S.W.2d 374, 378 (Tex. App.CHouston [14th Dist.] 1995, writ ref’d).  However, if the error is extremely
prejudicial and cannot be withdrawn from the juror’s minds, then a mistrial is
the correct remedy.  See id. at
60.

Prior to trial, appellant filed a motion in limine requesting
the State not to discuss extraneous offenses. 
When the State questioned Officer Nelson about his investigation, he
violated the motion in limine.  He
stated, in part, the following: 








Q [The State]: What did
you do next?

A [Officer Nelson]:   After we interviewed Ms. LaQuanna Smith, we
determined that she was the complainant and Mr. Patrick was the suspect.  He was already at LBJ at that time, and we
ran his information that he had provided us, his name, date of birth and found
out that he had a warrant.

MR. ACOSTA:           Your
Honor, I object.      

The trial court sustained the objection. 
Then, the trial court sua sponte instructed the jury to disregard
the officer’s last comment.  After the
trial court dismissed the jury, appellant moved for a mistrial, which the trial
court denied.

Appellant properly objected to the violation, but appellant’s
attorney did not ask for an instruction to disregard.  Nonetheless, the trial court instructed the
jury to disregard, and we presume the jury followed the trial court=s instructions.  See Waldo v. State, 746 S.W.2d 750,
752B53 (Tex. Crim. App. 1988).  This breach of the motion in limine was
inadvertent and isolated.  Officer Nelson=s single reference to a warrant was
not “so emotionally inflammatory” that the trial court’s instruction to
disregard could not have cured all error. 
Lusk, 82 S.W.3d at 60.  Also, the witness, not the State, violated the
motion in limine by giving an unresponsive answer to the prosecutor’s
question.  Given the mild nature of the
breach and the fact the evidence was not solicited by the State, the trial
court did not abuse its discretion in denying appellant’s motion for a
mistrial.  Ladd, 3 S.W.3d at
567.  Appellant’s final issue is
overruled.

In conclusion, we overrule all of appellant’s issues and
affirm the judgment of the trial court.

 

 

/s/        Wanda McKee
Fowler

Justice








 

Judgment rendered and Opinion
filed February 13, 2003.

Panel consists of Chief Justice
Brister, Justices Fowler and Edelman.

Do Not Publish C Tex. R. App.
P. 47.2(b).











[1]  Smith
did not testify for either the State or the defense.  The defense
did not present any testimony at trial.





[2]  Appellant does
not specifically point this Court to the place in the record where he objects
to hearsay and is overruled.  He directs
this Court=s attention to the phrase Ashe was just assaulted by her boyfriend,@ as the trial court=s
error.  However, the testimony appellant
complains about was objected to, and the trial court sustained appellant=s objection because the State had not satisfied the
predicate to an excited utterance exception. 
Later, the State did satisfy the predicate, appellant again objected,
and the trial court overruled the objection. 
Even though appellant does not point this Court to that testimony, we
will assume that testimony is the subject of appellant=s first issue on appeal.