Affirmed and Opinion filed June 21, 2005









Affirmed
and Opinion filed June 21, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00544-CR

____________

 

MICHAEL JAMIL
TYLER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 936,600

 



 

O P I N I O N

Appellant, Michael Jamil Tyler, appeals
from his conviction for the capital murder of Vlryn Veal.  A jury found appellant guilty, and the trial
court assessed punishment at life in prison. 
On appeal, appellant contends that (1) the evidence is legally
insufficient to support the verdict because the only evidence of an element of
the crime was in the form of testimonial hearsay admitted in violation of the Sixth
Amendment right of confrontation, and (2) the trial court erred in ruling that
the hearsay statement was admissible as an excited utterance.  U.S.
Const. amend. VI.  We affirm.








Background

On December 24, 2002, Vlryn Veal was
leaving a bar with his stepfather and a co-worker when a man approached Veal
and asked him for a light.  Veal went to
the driver’s side of his truck and retrieved a lighter.  The man then shot Veal in the abdomen, and
Veal later died following surgery.

At trial, two eyewitnesses, Veal’s
stepfather and co-worker, identified appellant as the man who shot Veal.  They had both previously identified appellant
in photo arrays.  Appellant was also
connected by evidence to the vehicle that was used by the assailant to flee
from the crime scene.  Also at trial,
Officer Kirk Milton of the Houston Police Department testified that after the
shooting he encountered Veal at the hospital. 
He stated that Veal told him what had happened outside the bar,
including that the assailant had demanded his wallet immediately prior to
shooting him.  There was no other
evidence regarding what was said between Veal and his assailant when they went
to Veal’s truck to get a lighter.  The
two eyewitnesses were on the opposite side of the truck and could not hear what
was being said.  The importance of
Milton’s testimony was that it permitted the jury to convict appellant of
capital murder because the murder was committed during the commission of a
robbery.  See Tex. Pen. Code Ann. § 19.03(a)(2)
(Vernon Supp. 2004).








Prior to trial, the defense filed a motion
to suppress, contending that Milton’s testimony regarding what Veal told him
was testimonial hearsay, and, as such, its admission would violate the
Confrontation Clause of the Sixth Amendment. 
Milton was the only witness called at the hearing.  He testified that he was dispatched to the
crime scene at 11:43 p.m. and arrived at 11:48 p.m.  After taking a few minutes to secure the
scene and hand it over to later arriving officers, Milton followed Veal’s
ambulance to the hospital, which took fifteen to twenty minutes.  There, he found Veal being prepared for
surgery by several of the hospital staff, who appeared to be in a hurry.  Milton was in uniform; Veal was still lying
on the ambulance gurney, and there was a lot of blood around him.  He appeared to be in great pain; he was
moaning and squirming.  Milton asked Veal
if he was “Mr. Veal,” and without further prompting, Veal told Milton what had
happened to him that night, including that the assailant pulled a gun on him
and asked for his wallet.  Veal said that
he refused to hand over his wallet but told the assailant he would still give
him a light; when Veal turned around with the lighter, the assailant shot him
in the stomach.  During his recitation of
events, Veal’s voice was “crackly,” and he paused several times.  He kept repeating that he could not believe
that he had been shot.  Milton
specifically stated that he just listened to Veal and did not ask
questions.  He said that he wanted to get
some initial information regarding the events that had transpired.  He further stated that Veal was taken into
surgery after telling Milton about the events.

At the conclusion of Milton’s testimony,
the parties stipulated that the hospital records showed that the ambulance left
the scene at 11:53 p.m. and arrived at the hospital at 12:01 a.m. and that Veal
was taken to the operating room at 12:16 a.m. 
The trial court then ruled from the bench that Veal’s statements to
Milton were not testimonial in nature and were admissible.

Confrontation Clause








In his first issue, appellant contends that
the evidence is legally insufficient to support the verdict because the only
evidence of a particular element of the crime was in the form of testimonial
hearsay admitted in violation of the Sixth Amendment right of confrontation,
citing Crawford v. Washington, 541 U.S. 36 (2004).  In Crawford, the Supreme Court
reexamined the admissibility of hearsay statements under the Confrontation
Clause.  Prior to Crawford, the
issue had been governed by Ohio v. Roberts, 448 U.S. 56 (1980).  Under Roberts, hearsay statements were
admissible under the Confrontation Clause if the statements fell under “a
firmly rooted hearsay exception” or bore “particularized guarantees of
trustworthiness.”  448 U.S. at 66.  In Crawford, the Court reviewed the
history of the Confrontation Clause and the wrongs that it was meant to
redress, particularly the use of ex parte examinations as evidence against an
accused, as occurred in the civil-law mode of criminal procedure.  541 U.S. at 50.  These examinations were undertaken by
justices of the peace or other government officials outside the presence of the
accused or his representatives and were sometimes read in court in lieu of live
testimony.  Id. at 43, 50-51.  The Crawford court therefore drew a
distinction between testimonial and nontestimonial hearsay and held that
testimonial hearsay is inadmissible under the Confrontation Clause unless the
declarant is unavailable and the accused had a prior opportunity to
cross-examine the declarant.  Id.
at 53-54, 59, 68-69.

The Crawford court purposely did
not provide a comprehensive definition of testimonial hearsay.  Id. at 68 & n.10.  However, it did state that the term “applies
at a minimum to prior testimony at a preliminary hearing, before a grand jury,
or at a former trial; and to police interrogations.”  Id. at 68.  The Court explained that “[t]hese are the
modern practices with closest kinship to the abuses at which the Confrontation
Clause was directed.”  Id.  The Court additionally highlighted, but
refused to expressly adopt, certain formulations of what constitutes
testimonial statements:  (1) ex parte in‑court
testimony or its functional equivalent—that is, material such as affidavits,
custodial examinations, or similar pretrial statements that declarants would
reasonably expect to be used prosecutorially; (2) extra‑judicial
statements contained in formalized testimonial materials, such as depositions,
prior testimony, or confessions; and (3) statements that were made under
circumstances which would lead an objective witness to believe that the
statement would be available for use at a later trial.  Id. at 51-52.

It could therefore be concluded that
testimonial statements involve a declarant’s knowing responses to structured
questioning in an investigative environment or a courtroom setting where the
declarant would reasonably expect that his or her responses might be used in
future judicial proceedings.  Wiggins
v. State, 152 S.W.3d 656, 659 (Tex. App.—Texarkana 2004, pet. ref’d)
(citing United States v. Saget, 377 F.3d 223, 228 (2d Cir. 2004)).  Further, it is apparent that the question of
whether a statement is testimonial turns not on the content of the statement
but on the procedure used to procure the statement.  Scott v. State, No. 03-03-00109-CR,
2005 WL 670544, at *17 (Tex. App.—Austin, March 24, 2005, no pet. h.).








Since Crawford was issued, the
subject of just what constitutes testimonial statements by an out-of-court
declarant has become increasingly well-trod ground in Texas courts.  Appellant and the State point to two
apparently conflicting cases dealing with statements made to police at a
hospital shortly after violent events involving the declarants.  In Cassidy v. State, the Austin Court
of Appeals held that a police officer’s interview of a stabbing victim at a
hospital one hour after the assault did not constitute police interrogation as
contemplated by Crawford; thus, the resulting statement was
nontestimonial.  149 S.W.3d 712, 714, 716
(Tex. App.—Austin 2004, pet. ref’d), cert. denied, 125 S. Ct. 1648
(2005).    In Wall v. State, the
Corpus Christi Court of Appeals expressly disagreed with the Austin court and
held that an officer’s questioning of a beating victim in a hospital
constituted interrogation; thus, the resulting statement was testimonial under Crawford.  143 S.W.3d 846, 851 (Tex. App.—Corpus Christi
2004, pet. granted).  The court
emphasized that the statement was given in response to investigative
questioning.  Id.








The State urges us to adopt the position
taken by the Austin Court, and appellant urges us to take the position adopted
by the Corpus Christi Court.  However, we
decline to take sides in this disagreement because the circumstances in the
present case are fundamentally different from those encountered in either of
these prior opinions.  Here, it is
undisputed that there was no investigative questioning of Veal at the time he
gave his statement.  Officer Milton asked
Veal if he was “Mr. Veal”; Milton specifically testified that he asked no
further questions and that Veal simply told him what happened.  Thus, Veal clearly did not give his statement
in response to police interrogation.  See
Scott, 2005 WL 670544, at *15-16 (holding that statement to police was
testimonial because given in response to structured police questioning); Wilson
v. State, 151 S.W.3d 694, 698  (Tex.
App.—Fort Worth 2004, pet. ref’d) (holding that statement to police was
nontestimonial where declarant was not responding to structured police
questioning).  The statements were not
being recorded in any manner and were given in a particularly informal setting,
while Veal was being prepared for surgery by hospital staff.  See Samarron v. State, 150 S.W.3d 701,
707 (Tex. App.—San Antonio 2004, pet. ref’d) (holding that signed, written statement
given at police station after police questioning was testimonial).  It appears that Veal simply wanted to let the
officer know what happened to aid the start of the investigation.  C.f. Spencer v. State, No.
14-04-00059-CR, 2005 WL 975672, at *2, *4 (Tex. App.—Houston [14th Dist.],
April 28, 2005, no pet. h.) (holding that initial police-victim interaction at
crime scene was not testimonial).  Based
on these circumstances, we hold that Veal’s statement was not testimonial in
nature.

Appellant makes no further argument
regarding the sufficiency of the evidence. 
Accordingly, we overrule his first issue.

Excited Utterance

Having determined that the hearsay
statements were not testimonial, we turn to appellant’s second issue in which
he contends that the trial court violated the Texas Rules of Evidence by
admitting the statements under the excited utterance exception to the rule
generally excluding hearsay.  Hearsay is
an out-of-court statement offered to prove the truth of the matter
asserted.  Tex. R. Evid. 801(d). 
Hearsay is not admissible unless it falls under one of the exceptions
specified in the Rules of Evidence.  See
Tex. R. Evid. 802.  Whether a hearsay statement is admissible
under Rule 802 is a matter within the discretion of the trial court.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003).  The excited
utterance hearsay exception permits admission of a statement “relating to a
startling event or condition made while the declarant was under the stress of
excitement caused by the event or condition.” 
Tex. R. Evid. 803(2).  Here, the State introduced Veal’s
out-of-court statements to prove that appellant demanded Veal’s wallet before
shooting him.  It did so by specific
reference to the excited utterance hearsay exception.








Appellant’s only objection in the trial
court to the admission of this evidence was that the statements were
testimonial in nature.  Appellant never
objected that the statements were not excited utterances.  Consequently, appellant failed to preserve
this argument for appeal.  See Tex. R. App. P. 33.1(a) (providing that
to preserve error for appellate review party must make a timely and
sufficiently explicit request, objection, or motion in the trial court); Resendiz
v. State, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that error
was not preserved where appellate argument did not comport with trial
objection).

Furthermore, even if appellant had
preserved this argument, we find that it is without merit.  The critical determination in regard to the
excited utterance exception is whether the declarant was still dominated by the
emotions, excitement, fear, or pain of the event or condition at the time he or
she made the statement.  Zuliani,
97 S.W.3d at 595-6.  We may consider the
time elapsed between the event and the statement and whether the statement was
in response to questioning, but these factors are not necessarily
dispositive.  Id.  Ultimately, we must determine whether the
statement was made under such circumstances as would reasonably show that it
resulted from impulse rather than reason and reflection.  Id. at 596.








Here, there was considerable evidence that
at the time he made the statements Veal was still dominated by the emotions,
excitement, fear, or pain of having been shot. 
Although it cannot be determined for certain how much time elapsed from
the shooting to the making of the statements, it is clear from Milton’s
testimony and the hospital records that it was not a lengthy period of
time.  The ambulance left the scene at
11:53 p.m. and Veal went into the operating room at 12:16 a.m.  Milton said that Veal gave the statement at
the hospital before entering the operating room.  See Lawton v. State, 913 S.W.2d 542,
553-54 (Tex. Crim. App. 1995) (holding statements at hospital were excited
utterances where declarant had witnessed shooting of his father-in-law about
one hour prior to making the statements); Ross v. State, 879 S.W.2d 248,
248-49 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d) (holding statement
made to ambulance attendant thirty to forty-five minutes after declarant was
shot was excited utterance); Parks v. State, 843 S.W.2d 693, 696-98
(Tex. App.—Corpus Christi 1992, pet. ref’d) (holding that statements at
hospital did not constitute excited utterances when made six hours after
declarant was shot and after operation and time for recovery); Mathews v.
State, 835 S.W.2d 248, 249-50  (Tex.
App.—Fort Worth 1992, no pet.) (holding that statement made to paramedic in
ambulance was excited utterance despite lack of evidence regarding time that
had elapsed between declarant being shot and making statement).  Milton stated that Veal was in pain when he
made the statements and that he made the statements without questioning or
prompting from Milton.  Further, Veal
repeatedly expressed surprise at having been shot.  Thus, there was sufficient evidence for the
trial court to conclude that Veal’s statements resulted from impulse rather
than reason and reflection.  See
Zuliani,  97 S.W.3d at 596.  The trial court did not abuse its discretion
in admitting Veal’s statement. 
Accordingly, we overrule appellant’s second issue.

We affirm the trial court’s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Opinion filed June 21, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Publish
— Tex. R. App. P. 47.2(b).