NUMBER 13-03-673-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




VAN KEVIN GOULD,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.



On appeal from the 197th District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         Van Kevin Gould appeals his conviction for robbery.


 A jury found him guilty. 
The trial court sentenced him to five years confinement in the Institutional Division of
the Texas Department of Criminal Justice. The trial court has certified that Gould has
the right of appeal. See Tex. R. App. P. 25.2. By two issues, Gould complains of legal
insufficiency and prosecutorial comments on his failure to testify. We affirm. 
I. FACTS
         This is a memorandum opinion not designated for publication. The parties are
familiar with the facts. We will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
         Gould walked into a music store. He walked out with a guitar. He did not pay
for the instrument. The store manager chased after him. He caught up with Gould as
Gould was trying to drive away. The manager reached into the car and pulled Gould's
keys from the ignition. Gould handed him the guitar and apologized. The manager told
Gould he was holding him for the police. The two men struggled. Gould struck the
manager in the head and ran away. 
II. LEGAL SUFFICIENCY
         Gould contends that the evidence supports only a conviction for theft, not a
conviction for robbery. He argues that evidence he struck the manager before fleeing
does not satisfy the immediacy element that distinguishes robbery from theft. We
construe his argument as attacking the legal sufficiency of the evidence. 
A. Standards and Scope of Review
         A legal-sufficiency challenge calls for appellate review of the
relevant evidence in the light most favorable to the prosecution. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We
consider all the evidence that sustains the conviction, whether properly or improperly
admitted or whether introduced by the prosecution or the defense, in determining the
legal sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). 
         We measure the legal sufficiency in this case against the elements of
the offense as defined by a hypothetically correct jury charge. Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge
is one that "accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for
which the defendant was tried." Id. A hypothetically correct jury charge would not
simply quote from the controlling statute. Gollihar v. State, 46 S.W.3d 243, 254
(Tex. Crim. App. 2001). Its scope is limited by "the statutory elements of the offense
. . . as modified by the charging instrument." Fuller v. State, 73 S.W.3d 250, 254
(Tex. Crim. App. 2002) (Keller, P.J., concurring) (quoting Curry v. State,
30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). When a statute lists more than one
method of committing an offense, and the indictment alleges some, but not all, of the
statutorily listed methods, the State is limited to the methods alleged. Fuller,
73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime. Malik, 953 S.W.2d at 240. We
then determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319;
Johnson, 23 S.W.3d at 7. 
         In performing a legal-sufficiency review, we are mindful that the fact finder is
the exclusive judge of the credibility of witnesses and the weight to be given
testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Adelman v. State,
828 S.W.2d 418, 423 (Tex. Crim. App. 1992); Butts v. State, 835 S.W.2d 147, 151
(Tex. App.–Corpus Christi 1992, pet. ref'd). The fact finder may believe some
witnesses and refuse to believe others. Esquivel v. State, 506 S.W.2d 613, 615 (Tex.
Crim. App. 1974). It also may accept portions of a witness's testimony and reject
others. Id.; Butts, 835 S.W.2d at 151. 
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
B. The Hypothetically Correct Jury Charge
1. The Elements of Robbery
         The elements of the offense of robbery are that a person (1) in the course of
committing theft as defined in chapter 31 of the penal code and (2) with the intent to
obtain or maintain control of the property (3) intentionally, knowingly, or recklessly
causes bodily injury to another or intentionally or knowingly places another in fear of
imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
2. The Indictment
         In Count 1 of the indictment, the State alleged that Gould, "while in the course
of committing theft of property and with intent to obtain or maintain control of said
property, intentionally or knowingly threaten[ed] or place[ed] Juan Flores in fear of
imminent bodily injury or death." In Count 2 of the indictment, the State alleged that
Gould, "while in the course of committing theft of property and with intent to obtain
or maintain control of said property, intentionally, knowingly, or recklessly cause[ed]
bodily injury to Juan Flores by striking Juan Flores on the head with the defendant's
hand." 
         Thus, the hypothetically correct jury charge in this case would have asked the
jury if Gould: (1) while in the course of committing theft of property and (2) with the
intent to obtain or maintain control of the property (3) intentionally, knowingly, or
recklessly caused bodily injury to Juan Flores by striking him on the head with his hand
or intentionally or knowingly placed Juan Flores in fear of imminent bodily injury or
death. See Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
         We construe Gould's challenge as attacking the sufficiency of the evidence of
the second element. That is, Gould argues that the evidence is legally insufficient to
prove that when he struck the manager after he gave the guitar back, he intended "to
obtain or maintain control of the property." 
C. Analysis
         As Gould acknowledges in his brief, "in the course of committing theft" means
conduct that occurs in an attempt to commit, during the commission, or in immediate
flight after the attempt or commission of theft. Tex. Pen. Code Ann. § 29.01(1)
(Vernon 2003). He argues, however, that the evidence shows he had given the guitar
back before he struck the manager and fled. The court of criminal appeals has held
that "[t]he fact that appellant obtained nothing in his attempt is not dispositive, for the
actual commission of theft is not a prerequisite to the commission of robbery; the
gravamen of robbery is the assaultive conduct and not the theft." Green v. State,
840 S.W.2d 394, 401 (Tex. Crim. App. 1992). Specifically, the term "'intent to
obtain or maintain control of the property' deals with the robber's state of mind
regarding the theft or attempted theft, and not the assaultive component of robbery." 
Lawton v. State, 913 S.W.2d 542, 552 (Tex. Crim. App. 1995). Consequently,
"[t]here is no requirement that appellant retain the intent to control property when the
assaultive act is committed; the required violence may occur after the offender has
abandoned the theft and is escaping." Id. Accordingly, we hold the evidence legally
sufficient to support Gould's conviction for robbery. We overrule his first issue. 
III. COMMENT ON THE FAILURE TO TESTIFY
A. The Record
         In his second issue, Gould complains of two instances of improper jury argument
at the end of the culpability phase of the trial. In the first, the prosecutor argued,
"There are only two people who know what happened in that parking lot on
November 20, 2002. You heard from Ray – excuse me – you heard from Juan. He
told you what happened." Defense counsel objected to the comment as an "inference
of my client testifying or not testifying. That was inferred there." The trial court
instructed the jury, "You have the Charge before you. The defendant's failure to
testify, you cannot consider that." 
         In the second portion of the record cited by Gould, the prosecutor argued, "But
do you know what, Mr. Flores? I'm sorry; we're not going to believe you. We're
going to believe the thief over you." Defense counsel objected, "I'm going to object
to evidence that – to stuff that wasn't in evidence. We don't know what his criminal
background was." The trial court overruled the objection. 
B. Analysis
         An accused's "'right' not to be subjected to incurable erroneous jury arguments
is one of those rights that is forfeited by a failure to insist upon it." Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996). The proper method to preserve error is
to: (1) object timely; (2) request the trial court to instruct the jury to disregard; and
(3) move for a mistrial. See Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim.
App. 1984). "The most important procedure is to press the specific objection to the
point of obtaining an adverse ruling, be that to the objection, the request for an
instruction, or the motion for mistrial." Fuller v. State, 827 S.W.2d 919, 926 (Tex.
Crim. App. 1992); Lusk v. State, 82 S.W.3d 57, 60 (Tex. App.–Amarillo 2002, pet.
ref'd). 
         Here, defense counsel objected to the first comment. The trial court instructed
the jury to follow the Charge and not consider Gould's failure to testify. Counsel did
not take the third step required to preserve the error and did not move for a mistrial. 
As to the second comment, counsel did not object at trial that the prosecutor was
indirectly commenting on Gould's failure to testify. 
         Nonetheless, rule 103(d) of the rules of evidence authorizes us in a criminal
case to "take notice of fundamental errors affecting substantial rights although
they were not brought to the attention of the court." Tex. R. Evid. 103(d). 
"Some rights are widely considered so fundamental to the proper functioning
of our adjudicatory process as to enjoy special protection in the system." Blue v.
State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality op.) (quoting Marin v.
State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), overruled on other grounds,
Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). "A principal
characteristic of these rights is that they cannot be forfeited. That is to say, they are
not extinguished by inaction alone." Blue, 41 S.W.3d at 131. Instead, an accused
must expressly relinquish a fundamental right. Id. 
         The right to remain silent is not so fundamental as to require the
special protection of relieving the appellant of the necessity of an objection. 
Wheatfall v. State, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994); Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Objection is required to preserve
the issue. Wheatfall, 882 S.W.2d at 836; Smith, 721 S.W.2d at 855. 
         Accordingly, we hold that Gould waived his right to complain on appeal by not
moving for a mistrial after the first comment and by not objecting at trial to the second
on the same basis he raises on appeal. See Tex. R. App. P. 33.1; see also Oliva v.
State, 942 S.W.2d 727, 735 (Tex. App.–Houston [14th Dist.] 1997), pet. dism'd,
991 S.W.2d 803 (Tex. Crim. App. 1998) (emphasizing that counsel's failure to object
to prosecutor's comment on accused's failure to testify prevented appellant from
asserting error on appeal). 
         Further, under the harm analysis required by rule 44.2(b) of the rules of
appellate procedure, we disregard any error unless it affects the appellant's substantial
rights. See Tex. R. App. P. 44.2(b). A prosecutor's improper jury argument affects an
accused's substantial rights when the error had a substantial, injurious effect or
influence on the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997); Gonzalez v. State, 115 S.W.3d 278, 285 (Tex. App.–Corpus
Christi 2003, pet. ref'd). We find that any error in the prosecutor's arguments could
have had no substantial, injurious effect or influence on the jury's verdict in light of the
compelling evidence in this case. See Cockrell, 933 S.W.2d at 89. We hold that any
error in the prosecutor's arguments did not affect Gould's substantial rights and was
harmless. See Tex. R. App. P. 44.2(b); see also Cockrell, 933 S.W.2d at 89 (applying
former rule 81(b)(2) of rules of appellate procedure). We overrule Gould's second
issue. 
IV. CONCLUSION
         Having overruled both of Gould's issues, we affirm the trial court's judgment.
 
                                                               ERRLINDA CASTILLO
                                                               Justice
Do Not Publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and filed
this 31st day of August, 2004.