NO. 07-04-0251-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 16, 2005

_____


JAMES GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15152-0309; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant James Gutierrez was convicted by a jury of

theft and punishment was assessed by the trial court at two years confinement in a state

jail facility and a $2,500 fine.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant did not file a response.  Neither did the State favor us with a brief.

Luis Asebedo and appellant had been roommates in the past, and when appellant needed a place to stay, he moved in with Luis and his live-in girlfriend, Avilda Sanchez.  Luis and Avilda made frequent trips to Kansas and left appellant in charge of their home.  Appellant was never given a house key and the door was left unlocked when he went out.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Upon returning from a trip to Kansas, Luis noticed numerous items missing from his home. He called the police, but also wanted to talk with appellant before filing a report. When he found appellant at a relative's house, he picked him up and they returned home. According to Luis, after a confrontation, appellant admitted he took the items because he was sick and needed the money and apologized. Luis called the police a second time to file a report. Luis testified that appellant admitted taking the items in the presence of the responding police officer. Avilda returned from Kansas a day later. She confronted appellant about her jewelry box and its contents and testified that appellant apologized.

Appellant was the only witness in his defense. He testified he was at a friend's house when he learned that Luis had returned from Kansas and was looking for him. He called Luis and told him to pick him up at his sister-in-law's house. He denied admitting to Luis, Avilda, or the responding officer that he took the missing items. His sorrow, he claimed, was because the items had been taken while he was in charge of the home. A few days after the incident, he left for Oklahoma. Months later he learned through his family, who was close to Luis, that he had been accused of the theft. He returned to Texas and turned himself in to the sheriff's office and was arrested.

By the *Anders* brief, counsel does not advance any arguable grounds for appeal. Appellant was indicted for theft of property of the value of $1,500 or more, but less than $20,000. After proper *voir dire*, a jury was empaneled and appellant's trial commenced. The State presented testimony from Luis and Avilda and then rested. Appellant testified

3

in his own defense, and during cross-examination, the State inquired into prior felony convictions to which defense counsel objected as being prejudicial. After a hearing outside the jury's presence, the court concluded appellant could be impeached with a prior forgery conviction but not a prior DWI. Defense counsel's motion for mistrial on the ground that the State violated a motion in limine was overruled and the jury was instructed to disregard the State's question. The denial of a motion for mistrial is reviewed for abuse of discretion. Trevino v. State, 991 S.W.2d 849, 851 (Tex.Cr.App. 1999); Lusk v. State, 82 S.W.3d 57, 60 (Tex.App.–Amarillo 2002, pet. ref'd). Also, an instruction to disregard is sufficient to cure error when evidence is placed before the jury in violation of a motion in limine. Barney v. State, 698 S.W.2d 114, 125 (Tex.Cr.App. 1985). No reversible error is presented in the trial court's denial of appellant's motion for mistrial.

It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). This standard is the same in both direct and circumstantial evidence cases. *Burden*, 55 S.W.3d at 612-13. In measuring the sufficiency

4

of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). As an appellate court, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Id.* at 8.

Theft is the unlawful appropriation of property with the intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a). An appropriation is unlawful if it is without the owner's effective consent. § 31.03(b)(1). In circumstantial evidence cases it is

not necessary that every fact point directly and independently to the accused's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. Johnson v. State, 871 S.W.2d 183, 186 (Tex.Cr.App. 1993), *cert. denied*, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994); Armstrong v. State, 958 S.W.2d 278, 283 (Tex.App.--Amarillo 1997, pet. ref'd).

The evidence showed that appellant was the sole occupant of the home while Luis and Avilda were in Kansas. According to their testimony, when they left for Kansas all the items that were later missing had been in the home. There was no evidence of a break-in. Luis testified that a DVD player, television, video game player, VCR, movies, boots, sandals, clothing, and Avilda's metal jewelry box and contents were missing. He offered estimates of the value of the items, except for the jewelry box and its contents with which Avilda was more familiar. She testified that three years prior to the incident her jewelry had been appraised at $5,000 and that she had probably added another $4,000 since then.

Although neither victim could confirm that appellant possessed the stolen items, Luis testified that appellant was wearing a pair of his pants and his shirt. Appellant, however, claimed that he took Luis's pants and shirt because when he went to the house to pack and move out, his personal belongings were gone. The jury, as trier of fact, may believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved

6

conflicting views of evidence in favor of the State,   Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997).

In rebuttal to appellant's testimony, the responding officer testified that when he returned to Luis's home a second time, Luis and appellant were talking in the front yard. He heard appellant admit to Luis that he had taken the items to buy crack, but did not arrest him at the time because he did not have a warrant.  We conclude the evidence was legally and factually sufficient to support appellant's conviction.

According to the record, appellant was afforded effective assistance of counsel.  *See* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *See also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  Counsel filed numerous pre-trial motions, conducted proper *voir dire*, lodged objections to the State's questions, vigorously cross-examined witnesses, and moved for mistrial.  Given the presumption that counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated.  Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); *see also* Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

Appellant was convicted of a state jail felony and sentenced to two years confinement and a $2,500 fine.  *See* Tex. Pen. Code Ann. § 31.03(a), (b) & (e)(4)(A). Punishment for a state jail felony ranges from 180 days to two years and a fine not to exceed $10,000. § 12.35(a) & (b).  A trial court is vested with a great degree of discretion in imposing an appropriate sentence.  Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App.

7

1984).  If the punishment assessed is within the statutory range, then it should not be disturbed on appeal.  Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Additionally, no objection was made when sentence was pronounced by the trial court. Hardeman v. State, 1 S.W.3d 689, 690-91 (Tex.Cr.App. 1999).

After our independent examination of the entire record, we conclude there are no arguable grounds which might support this appeal.  *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.