NO. 07-00-0389-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 19, 2002

_____

SHEA PATRICK LUSK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 87,409; HONORABLE PAMELA C. SIRMON, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Shea Patrick Lusk appeals from his conviction for assault. By one issue he asserts that the trial court erred in failing to grant a mistrial because the State's witnesses violated the court's order sustaining a motion *in limine*. We affirm.

**BACKGROUND**

Appellant was charged with the offense of assault causing bodily injury. His case was tried before a jury. Prior to the commencement of *voir dire*, appellant's counsel made an oral motion *in limine* (the motion) that prior to "entering into any extraneous offense that we approach the bench and ascertain whether it's relevant and whether it's proper to bring up at that time." The motion was granted by the trial court.

During *voir dire*, one of the jurors stated that, if appellant assaulted his spouse or girlfriend or child, then he would be "dead meat." The juror was not challenged for cause, nor stricken by peremptory challenge.

During the trial, under direct examination by the State, Joe Bierman (Bierman), the victim of the assault with which appellant was charged, testified that during the course of the assault on him, appellant also struck Bierman's daughter, Jada Bierman (Jada). Bierman also testified that appellant's wife struck Jada. Jada testified that appellant struck her. The State's attorney did not request to, and the parties did not, approach the bench before the testimony was given.

When appellant's counsel objected to the testimony about which complaint is made, the court sustained the objections. The court instructed the jury to disregard the testimony each time appellant's counsel requested such an instruction.

Appellant moved for mistrial after Bierman's second alleged violation of the motion *in limine* by testifying to appellant's striking of Jada, and again after Jada's testimony that appellant struck her. The motions for mistrial were denied.

2

The jury found the appellant guilty of assaulting Bierman. Appellant and the State entered into a plea agreement as to punishment.

## ISSUE PRESENTED

By his sole issue, appellant contends that the trial court erred in failing to grant a mistrial after witnesses for the State repeatedly violated the trial court's ruling on appellant's motion *in limine*.

### A. Standard of Review

The denial of a motion for mistrial is reviewed under the standard of abuse of discretion. See Trevino v. State, 991 S.W.2d 849, 851 (Tex.Crim.App. 1999). A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).

### B. Law

Motions *in limine* do not preserve error. See Webb v. State, 760 S.W.2d 263, 275 (Tex.Crim.App. 1988). This is true whether the motion is granted or denied. Willis v. State, 785 S.W.2d 378, 384 (Tex.Crim.App. 1989); Webb, 760 S.W.2d at 275. A ruling on a motion *in limine* does not purport to be one on the merits but a ruling regarding administration of the trial. See Harnett v. State, 38 S.W.3d 650, 655 (Tex.App.--Austin 2000, pet. ref'd).

3

The remedy for a violation of a ruling on a motion *in limine* rests with the trial court. Brazzell v. State, 481 S.W.2d 130, 131 (Tex.Crim.App. 1972). The trial court may hold the litigant or attorney in contempt or use other remedies or sanctions. See Harnett, 38 S.W.3d at 655. Even if there has been a violation of the order on the motion *in limine*, a party must object to the admission or exclusion of evidence or other action in order to preserve error for appeal as to the evidentiary ruling. Id.

To preserve error for appellate review, a party must make a timely, specific objection; the objection must be made at the earliest possible opportunity; the complaining party must obtain an adverse ruling from the trial court, and the issue on appeal must correspond to the objection made at trial. See TEX. R. APP. P. 33.1(a);[1] Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998) (citations omitted). Three steps are necessary to preserve error as to an adverse trial court ruling regarding evidence admitted or placed before the jury: a specific, timely objection, a request for an instruction to disregard and a motion for mistrial. See Fuller v. State, 827 S.W.2d 919, 926 (Tex.Crim.App. 1992). To preserve error, the specific objection must be pressed to the point of obtaining an adverse ruling, whether that is a ruling on the objection, the request that the jury be instructed to disregard the evidence, or the motion for mistrial. Id. The exact sequencing of the procedural steps is not so critical as is the fact that the movant persists in seeking all available relief from the trial court, until the trial court effectively denies relief to which the movant is entitled. Id. For example, if the objection is overruled, an adverse ruling has

_____

[1]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP_."

4

been immediately obtained. Id.; Moncrief v. State, 707 S.W.2d 630, 637-38 (Tex.Crim.App. 1986). And, in regard to the sequencing of requests for all available relief, it has been held that the sequence of requesting a mistrial, which request was overruled, followed by requesting an instruction to disregard which was granted was sufficient to preserve error as to the failure to grant a mistrial. See Coe v. State, 683 S.W.2d 431, 436 (Tex.Crim.App. 1984).

Mistrial is an extreme remedy which is appropriate only when the objectionable event is so emotionally inflammatory that a curative instruction is not likely to prevent the jury from being unfairly prejudiced against the defendant. See Bauder v. State, 921 S.W.2d 696, 698 (Tex.Crim.App. 1996). Testimony referring to extraneous offenses can be rendered harmless by an instruction to disregard, unless it is so clearly calculated to inflame the minds of the jury and is of such a nature as to suggest the impossibility of withdrawing the impression produced. Kemp v. State, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992); Huffman v. State, 746 S.W.2d 212, 218 (Tex.Crim.App. 1988). Generally, an instruction to disregard is sufficient to cure error when evidence of an extraneous offense is placed before the jury in violation of a motion *in limine*. See Barney v. State, 698 S.W.2d 114, 125 (Tex.Crim.App. 1985). In situations where the potential harm can be cured by an instruction to disregard, the complainant must ask the court to so instruct the jury; failure to request such an instruction is failure to preserve error. Gilchrest v. State, 904 S.W.2d 935, 938 (Tex.App.--Amarillo 1995, no pet.); Jones v. State, 825 S.W.2d 470, 473 (Tex.App.--Corpus Christi 1991, pet. ref'd). We generally

5

presume the jury follows the trial court's instructions.  See  Waldo v. State, 746 S.W.2d 750, 752-53 (Tex.Crim.App. 1988).  The presumption is rebuttable.  See Colburn v. State, 966 S.W.2d 511, 520 (Tex.Crim.App. 1998).

## C. Analysis

The first alleged violation of appellant's motion *in limine* occurred during Bierman's testimony.  The prosecutor asked Bierman:

Q.  When this first starts and you're on the ground and he's on top of you, well, how does Jada come into the picture here?

A.  He was hurting her daddy. It was - -

Appellant's counsel objected to the testimony as "nonresponsive."[2]  The court sustained the objection, asked counsel to approach the bench, and admonished State's counsel that further testimony should not include extraneous offenses.  However, appellant's counsel did not request the court to instruct the jury to disregard the statement, nor did he make a motion for a mistrial.  The failure to object on the basis that the evidence violated the motion *in limine*, assuming it did, or to request an instruction to the jury to disregard is fatal to urging error based on violation of the motion *in limine* or the evidentiary question itself.

---

[2]Appellant's brief quotes prior testimony by Bierman that appellant shoved Jada against the house and she fell down.  That testimony was not timely objected to.  See TRAP 33.1(a)(1).

See TRAP 33.1(a)(1); Dixon, 2 S.W.3d at 265; Fuller, 827 S.W.2d at 926; Gilchrest, 904 S.W.2d at 938; Jones, 825 S.W.2d at 473.

Bierman allegedly violated appellant's motion *in limine* a second time moments later. The prosecutor asked Bierman:

> Q. After this incident with your daughter, Jada, what - - what happened then?
> A. I was pushing myself up. He got off me. And it happened real fast. He got up, went over there. I seen him kick Jada.

Appellant's counsel made a general objection and the court sustained the objection. Appellant's counsel next made a general motion to strike the testimony, which the court also granted. Finally, appellant's counsel made a motion for a mistrial, without stating the basis for the motion, which the court denied. Appellant's counsel did not ask the court to instruct the jury to disregard the offensive testimony.

Assuming, without deciding, that the testimony was inadmissible as evidence of an extraneous offense as referenced in appellant's motion *in limine,* appellant did not advise the trial judge that his motion for mistrial was based on violation of the order on his motion *in limine*. Nor was the testimony such evidence that its effect could not have been cured by an instruction to the jury to disregard. See Kemp, 846 S.W.2d at 308; Huffman, 746 S.W.2d at 218; Barney, 698 S.W.2d at 125. Error was not preserved as to the testimony in the absence of a request that the trial court instruct the jury to disregard the testimony.

7

Appellant's counsel objected a third time when the following exchange took place between Bierman and the prosecutor:

> Q.  And who approximately is -- is around the scene at this point besides yourself and Jada and Mr. Lusk?  Are you the only three people there at this point or are there any other parties?
>
> A.  No.  His wife.
>
> Q.  Okay.  And what happens at this point?
>
> A.  She comes out of the house and wallops Jada in the ribs.

Appellant's counsel objected on the basis of relevancy.  The jury was removed from the courtroom at that point.  Outside the jury's presence the trial court discussed its ruling on appellant's motion *in limine* in some detail with the witness.  The trial judge admonished the witness to avoid any further references to injuries or assaults on anyone but himself. Appellant's counsel then specifically objected on the basis that the testimony involved extraneous offenses, asked for an instruction that the jury disregard the testimony, and moved for mistrial.  Counsel did not advise the trial judge that the motion for mistrial was based on violation of the order granting appellant's motion *in limine*.  The trial court sustained the objection to testimony, granted the request for an instruction to the jury, and denied the motion for mistrial.

Again assuming, without deciding, that testimony about appellant's wife "walloping" Jada was evidence of an extraneous offense as addressed by appellant's motion *in limine*, the testimony as it related to appellant's guilt for assault on Bierman was not such that its effect was incurable by the jury's being instructed to disregard it.  See Kemp, 846 S.W.2d

8

at 308; Huffman, 746 S.W.2d at 218; Barney, 698 S.W.2d at 125. Thus, the instruction to disregard cured the error, if any, of the jury's having heard the testimony.

Appellant's final complaint about testimony in violation of his motion *in limine* is based on testimony from Jada Bierman. The following exchange took place between Jada and the prosecutor:

Q. Okay. You were trying to pull him off your dad. Were you successful in that attempt?

A. No. When I was pulling my dad - - when I was trying to pull him off my dad - - when I was trying to pull him off my dad like that, he backhanded me.

Appellant objected to testimony of an extraneous offense, moved to strike the testimony and moved for a mistrial. The objection was sustained, the motion to strike was sustained but the motion for mistrial was overruled. The trial court admonished Jada, outside the presence of the jury, that she was not to testify about injuries to or assaults on anyone but her father.

Counsel for appellant did not make a motion to the court to instruct the jury to disregard the testimony. The testimony as it related to appellant's guilt for assault on Bierman was not such that its effect was incurable by the jury's being instructed to disregard it. See Kemp, 846 S.W.2d at 308; Huffman, 746 S.W.2d at 218; Barney, 698 S.W.2d at 125. Error was not preserved as to the effect on the jury of the testimony. See Gilchrest, 904 S.W.2d at 938; Jones, 825 S.W.2d at 473.

9

In addition to the objections and motions addressing Jada's testimony, however, appellant's counsel also specifically addressed the repetitive manner in which witnesses testified about what counsel and the trial court considered extraneous offenses. Counsel questioned whether, in light of the numerous references by witnesses to "extraneous offenses," the State had even discussed the court's ruling with its witnesses. Counsel then moved for a mistrial because of the cumulative effect of the serial insertion of objectionable testimony in violation of the court's ruling on his motion. The motion was denied.

Appellant asserts, in part, that because one of the jurors stated during *voir dire* that "If [the assault] was against his [referring to appellant's] spouse or girlfriend or children, he's dead meat in my book," that the testimony of which he complains was of such character as to suggest it would be impossible to remove the harmful impression from the juror's mind.

The context of the juror's response in *voir dire,* however, would support a conclusion by the trial court that the juror was referring to an assault against appellant's spouse or girlfriend or children. Appellant was not charged with assaulting his spouse, girlfriend or children. Nor did the testimony of which he complains concern an assault against appellant's spouse, girlfriend or children. Rather, the testimony complained of concerned an alleged assault against the victim's child, even though it was referred to and treated as an "extraneous offense." The juror's statement during *voir dire* is not of such character that it rebuts the presumption that an instruction to disregard by the trial court was not, or would not have been, followed by the jury. See Waldo, 746 S.W.2d at 754. Moreover, appellant

10

did not specifically reference the juror's statement in urging his motions for mistrial to the trial court; he referenced the general effect of the testimony of which he complains, and the multiple violations of the court's order on his motion *in limine*. See TRAP 33.1(a)(1).

The issue on appeal is whether the trial court abused its discretion in failing to grant a mistrial because the State did not approach the bench prior to testimony of extraneous offenses being elicited in front of the jury. The trial court has broad discretion in controlling the trial conduct of counsel, parties and witnesses. In the matter before us, the trial court granted each objection and motion made by appellant in regard to testimony forming the basis of his appellate issue, except for declaring a mistrial. The trial court's remedy of instructing the jury to disregard the testimony objected to and admonishing State's counsel and the witnesses was one of the broad range of remedies available to the trial court in exercising its discretion as to conduct of the trial. Given the nature of the evidence, the manner in which it was elicited or blurted out by the witnesses, the trial court's response to appellant's objections and motions, and the record as a whole, we cannot say that the trial court's refusal to utilize the specific remedy of declaring a mistrial was outside the zone of reasonable judicial disagreement. See Montgomery, 810 S.W.2d at 391. Thus, the trial court did not abuse its discretion in refusing to declare a mistrial. Appellant's issue is overruled.

## CONCLUSION

Appellant's sole issue having been overruled, the judgment is affirmed.

11

Phil Johnson
Justice

Publish.