NO. 07-01-0107-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 30, 2002

_____

DAVID MEDINA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43028-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[*]

David Medina appeals his conviction for delivering a controlled substance. The jury assessed punishment after he pled guilty to the charge. His sole point of error involves due process. That is, he contends that he was denied due process and a fair trial since the "State failed to allow [him] to take a shower or sleep on anything other than concrete prior to the [punishment] hearing" and the trial court "would not allow him to explain his appearance to the jury." We overrule the issue and affirm the judgment.

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

After pleading guilty and before commencement of the punishment phase of the trial, appellant was taken into custody. He spent the evening in jail and slept on a concrete bench. This allegedly prevented him from obtaining a restful night's sleep. So too was he denied an opportunity to shower before appearing in court the next day. However, this situation was not made known to either counsel for appellant or the trial court until after appellant appeared at the punishment hearing, testified on his own behalf, called other witnesses to testify, and rested his case. By that time, the trial court had not only informed the jury that testimony in the punishment phase had concluded, but also solicited comments from counsel upon the proposed jury charge.

When inquiry was made by the trial court into the situation, appellant was asked whether he had "anything that [he] would like to tell the jury . . . that you did not tell them because of the conditions that [he] testified to . . .?" Appellant answered: "No, sir." Later, appellant reiterated that there was nothing else he wanted to tell the jury other than to explain his physical appearance. Absent from the record, however, is any testimony or like evidence describing appellant's appearance. And, though he thought that a good night's sleep and a shower may have enabled him to "project[] a better image to the jury, we are directed to nothing in the record which indicates that his appearance (whatever its state may be) influenced the jury's verdict.

Authority recognizes that the appearance of an accused may impact upon his constitutional right to a fair trial. *See e.g., Randle v. State*, 826 S.W.2d 943, 944 (Tex. Crim. App. 1992). Yet, complaint about a purported infringement of that right must be raised in a timely manner. *Manning v. State*, 864 S.W.2d 198, 204 (Tex. App.–Waco 1993, pet. ref'd) (wherein Manning failed to object to wearing a jail identification bracelet

2

until after voir dire began). And, it is timely if urged at the earliest available opportunity. *Id.*; *Lusk v. State,* 82 S.W.3d 57, 60 (Tex. App.–Amarillo 2002, pet. ref'd) (stating that an objection must be urged at the earliest opportunity to enable the trial court to correct the circumstance). Here, the complaint was not raised until the conclusion of the punishment phase of the trial and after appellant had already testified. Waiting to complain until after the jury has seen the appellant is not the earliest opportunity. *See e.g., Manning v. State*, 864 S.W.2d at 204. Thus, appellant did not adequately preserve his complaint for appeal.

Next, as appellant explicitly states in his brief, "it is the failure of the trial court to at least have permitted appellant an opportunity to explain his physical state, including his personal appearance, which is appealed." In other words, the issue before us involves his physical appearance and its potential impact upon the jury. Given this, logic dictates that before we can assess that potential impact, we must have some evidence from which we can determine his appearance. Yet, there is none of record. We do not know if he was disheveled, dirty, discomposed or the like. We are simply told that he slept on a concrete bench and was denied a shower. Whether those circumstances adversely affected his appearance to an extent depriving him of a fair trial is utter speculation. And, we cannot reverse a judgment based upon speculation. Simply put, appellant has not presented us with a record sufficiently illustrating reversible error.

Accordingly, the judgment is affirmed.


Brian Quinn
Justice

Do not publish.

3