COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

ANDRES HERNANDEZ, III,
)
 No. 08-03-00205-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 2

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# CR87,149)



MEMORANDUM OPINION




 Andres Hernandez III appeals his conviction for a subsequent offense of driving while
intoxicated. A jury found him guilty and sentenced him to a fine of $1,300 and 180 days' 
confinement, probated for two years. At issue is the propriety of the trial court's restriction of
voir dire. 

FACTUAL SUMMARY


 The information and complaint alleged that Appellant was intoxicated in that he did not have
the normal use of his mental and physical faculties by reason of the introduction of alcohol into his
body and that he had been a driving motor vehicle in a public place at the time. Appellant refused
to take a breathalyzer test and the evidence against him consisted of his performance on the field
sobriety tests. We affirm.

 During voir dire, Appellant's attorney tried to ask venire member Nixon the following
question, "How would you do standing on one leg late at night?" The judge responded that he was
not concerned with how the jurors would do on any tests. Counsel finished voir dire and requested
one additional peremptory challenge, which the court denied. Appellant exercised all of his
peremptory strikes, striking Mr. Brahaney, Mr. Cox, and Mr. Dearen, and then objected to Mr. Hanks
sitting on the jury. After the venire panel and the chosen jurors were released, the following
exchange occurred: 

 [Defense Counsel]: Just for the record so everyone is aware, I did start to ask Mr.
Nixon, Juror Number 1, with regard to the members of the jury panel how would he
do holding his leg up standing on one leg late at night. I had intended to ask each
member of the jury panel that question. If anyone had said, 'I would have done
perfectly, no problem whatsoever,' the Defense likely would have exercised a
peremptory challenge as to such person. But we felt and feel now that would be
helpful to enabling the Defense to intelligently exercise as to peremptory challenges
how the -- how the members of the jury panel would have done standing on one leg.
That's all.


 [The Court]: The Court ruled that that was not a relevant inquiry with regard to this
trial and I will not revisit that issue. I will stick with my same ruling on that.


RESTRICTION OF VOIR DIRE



 In his sole point of error, Appellant complains that the trial court disallowed his inquiry 
regarding field sobriety tests and how prospective jurors would perform. He contends that the
question would have allowed him to intelligently exercise his peremptory challenges. We conclude,
however, that the issue has not been preserved for our review.

 Preservation of error through questioning of the entire venire can be demonstrated by a
question addressed to the entire panel or by making a record showing the defendant's request to
question all venire members. Thomley v. State, 987 S.W.2d 906, 910 (Tex.App.--Houston [1st Dist.]
1999, pet. ref'd). To preserve error for appellate review, a party must make a timely, specific
objection at the earliest possible opportunity, obtain an adverse ruling from the trial court, and urge
on appeal a complaint corresponding to the objection made at trial. See Tex.R.App.P. 33.1(a); Dixon
v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998); Lusk v. State, 82 S.W.3d 57, 60 (Tex.App.--Amarillo 2002, pet. ref'd). 

 Appellant did not address the question to the entire jury panel but to a specific venireman. 
While he did advise the trial court that he had wanted to ask the question of the entire panel, he did
not do so until after the jury was selected and excused. Consequently, the objection was not urged
at the earliest possible opportunity and error has not been preserved.

 We next address the issue in the context of a question addressed to only one prospective
juror. To preserve error for denial of a proper question addressed to only one venire member,
counsel must exercise a peremptory strike on the prospective juror in question, exhaust his
peremptory strikes, and request an additional peremptory strike which is denied by the trial court. 
Here, counsel exhausted his peremptory strikes and requested an additional strike which was denied. 
However, counsel did not strike Mr. Nixon. As a result, error has not been preserved as to the
specific venireman either.

 Because we conclude error has been waived, we overrule the sole issue on appeal and affirm
the judgment of the trial court below.


April 29, 2004 

 ANN CRAWFORD McCLURE, Justice

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)