DAVIDSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-397-CR

RICHARD LEE DAVIDSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 
ON REHEARING

------------

After reviewing appellant Richard Lee Davidson’s motion for rehearing, we deny the motion.  We withdraw our December 7, 2006 opinion and judgment and substitute the following in its place.

I.  Introduction

Appellant Richard Lee Davidson appeals his four convictions and sentences for four counts of sexual assault of a child.  In two issues, appellant complains (1) that the trial court abused its discretion by failing to grant a mistrial when the State committed prosecutorial misconduct by improperly attempting to impeach a witness with alleged photographs of appellant with nude children and (2) that the evidence is legally insufficient to support the jury’s guilty verdict.  We affirm.

II.  Background Facts

Appellant, a forty-three-year-old man, first met R.Y., a fourteen-year-old boy, in a Wal-Mart bathroom in January 2004, after R.Y. looked through a hole in the stall and saw appellant masturbating.  R.Y. and appellant exchanged phone numbers and communicated with each other for several weeks through phone calls and text messages.  In February 2004, appellant and R.Y. met again at the same Wal-Mart bathroom.  While in Wal-Mart, appellant allegedly asked R.Y. if he wanted to go across the street to the Albertson’s because its bathroom door had a lock.  R.Y. allegedly agreed and had oral and anal intercourse with appellant in the Albertson’s bathroom. 

Appellant and R.Y. arranged to meet for a third time on March 1, 2004, at a vacant house in R.Y.’s subdivision.  According to R.Y., he and appellant had oral sex in appellant’s truck and anal sex behind the house.  R.Y.’s stepmother, Carole, concerned that R.Y. had been gone from their home for so long, drove around the subdivision looking for R.Y. and saw his four-wheeler at the vacant house.  When R.Y. saw her car, he stopped having anal intercourse with appellant and began “freaking out.”

R.Y. told Carole that he was trying to get away from appellant because appellant was following him.  When R.Y. got home, he told his father the same story.  When R.Y.’s father and Carole confronted him again the next day, however, R.Y. told them that he and appellant had engaged in oral and anal intercourse.

III.  Appellant’s Prosecutorial Misconduct Claim

In his first issue, appellant claims that the trial court abused its discretion by failing to grant a mistrial when the State committed prosecutorial misconduct by improperly attempting to impeach a witness with alleged photographs of appellant with nude children during cross-examination at punishment. 

A.  Standard of Review

A trial court’s denial of a motion for mistrial is reviewed under an abuse of discretion standard.  
Simpson v. State
, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied
, 542 U.S. 905 (2004); 
Barnett v. State
, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005), 
aff’d
, 189 S.W.3d 272 (Tex. Crim. App. 2006).  A trial court does not abuse its discretion if its decision is at least within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g); 
Barnett
, 161 S.W.3d at 134.  

B.  Analysis

The relevant exchange among the trial court, the State, appellant’s trial counsel, and Anecandro Velasquez, appellant’s partner and roommate, is as follows:

[STATE:]  And you said that you – is that – what did you say, the defendant’s pattern is not to take nude photographs of underage boys?

[VELASQUEZ:]  That is correct.

[STATE]:  I’m going to hand you what has been marked as State’s Exhibit 23.  Do you recognize this?

[VELASQUEZ:]  Yes.

[STATE:]  And what would be on this document that I just handed you?

[DEFENSE COUNSEL:]  Object.  Before he reads it out, we would like to see it. 

THE COURT:  Are you just having him identify it at this point?

[STATE:]  Let me ask it this way.  Are there any photographs on this document?

[VELASQUEZ:]  Yes.  

[STATE:]  You recognize these photographs?

[VELASQUEZ:]  Not specifically, no.

[STATE:]  You do not recognize the photographs?

[VELASQUEZ:]  No.

[STATE:]  Do you recognize anyone in the photographs?

[VELASQUEZ:]  I see Rich.

[STATE:]  And do you know where these photographs would have come from? 

[DEFENSE COUNSEL:]  Judge, we are objecting and would like to be able to approach the bench.  

The attorneys approached the bench and the trial court removed the jury. Appellant’s counsel was concerned that the jury had heard that there was a picture that depicted appellant with nude children, and that it could affect the jury.  Counsel also objected to the photograph after seeing it for the first time, arguing that the State would be unable to lay a proper predicate due to the State’s inability to identify the people in the photo, their ages, and the authenticity of the exhibit.  Ultimately, the trial court sustained appellant’s objection and did not admit the exhibit.  At that point, appellant renewed his request for a mistrial, stating,

[DEFENSE COUNSEL:]  [A]nd the record should reflect this, when the question was stated about it being his first sexual encounter, I approached the bench immediately and attempted to object, and at that time was in the process of asking for a mistrial and was informed by Your Honor that it would be dealt with later, and so I thought it was an opportune time to do it now that the jury was out.

Counsel argued that the State violated a pretrial hearing agreement based on a motion in limine to approach the trial court before asking questions about any witness’s sexual history.  According to appellant, because the State’s questions about the photograph implied that he was a homosexual and had been in prior sexual encounters with children, the jury was poisoned.  The trial court denied appellant’s requests for a jury instruction to disregard and for a mistrial, stating that there was no harm or prejudice from the questions or answers.   

The trial court has a broad range of remedies available to exercise its discretion as to both parties’ conduct, which includes, among other actions, granting motions in limine, sustaining or overruling objections, and instructing the jury.  
See Lusk
 
v. State
, 82 S.W.3d 57, 63 (Tex. App.—Amarillo 2002, pet. ref’d).  Here, the trial court heard arguments from both parties outside the presence of the jury on the nature and content of the photograph and sustained appellant’s objection to its admission into evidence.  However, after hearing the arguments, the trial court determined that appellant suffered no prejudice or harm by the State’s exchange with Velasquez, and refused to instruct the jury to disregard or grant a mistrial.  

Although the State’s questions and solicited answers about the photograph were certainly not helpful to appellant, there is no evidence in the record establishing that the questions and answers were prejudicial.  
See Simpson
, 119 S.W.3d at 272.  The State simply asked Velasquez to identify appellant in a photograph; the State’s questions did not elicit testimony regarding whether appellant was nude in the photograph or whether other people, namely children, were in the photograph with appellant.  Further, the photograph was never admitted, so the jury never saw it.  The trial court determined that appellant suffered no harm from this exchange, but stopped the line of questioning before harm could occur by sustaining appellant’s timely objection to the admission of and further questioning about the photograph. 
 
See Lusk
, 82 S.W.3d at 63 (holding that the trial court has a broad range of remedies to stop and alleviate harm).  Because appellant suffered no harm, the trial court’s decisions to deny a curative jury instruction and the motion for mistrial were not outside the zone of reasonable disagreement.  
See Montgomery
, 810 S.W.2d at 391; 
Barnett
, 161 S.W.3d at 134.  Consequently, 
the trial court did not abuse its discretion by denying appellant’s request for a mistrial.  
See Simpson
, 119 S.W.3d at 272. 
 

Accordingly, we overrule appellant’s first issue.

IV.  Appellant’s Legal Insufficiency Issue

In his second issue, appellant contends that the evidence is legally insufficient to prove that he sexually assaulted R.Y. 

A.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). 

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 

B.  Applicable Law

A person commits sexual assault of a child if the person intentionally or knowingly causes the sexual organ of the child to contact or penetrate the mouth or anus of the actor.  
Tex. Penal Code Ann.
 § 22.011(a)(2)(C) (Vernon Supp. 2006).  A child is a person younger than seventeen years of age who is not the spouse of the actor.  
Id. 
§ 22.011(c)(1).  

C.  Analysis

Appellant asserts that R.Y.’s inconsistent testimony was the only evidence supporting the jury’s verdict.  Although R.Y.’s statements were at times inconsistent, evidence at trial showed that these inconsistencies stemmed from R.Y.’s desire not to tell his father and Carole that he was gay.  Additionally, trial testimony from numerous witnesses corroborated R.Y.’s statements that he and appellant had engaged in oral and anal intercourse on two occasions.  

Appellant gave police a written statement that he had first met R.Y. in a Wal-Mart bathroom after R.Y. “looked under the stall and saw my erection.”  Similarly, R.Y. testified that he looked through a hole in the Wal-Mart bathroom, saw appellant masturbating, and later exchanged phone numbers with him.

R.Y. also testified that in February 2004, he asked his father to drop him off at a movie theater, was dropped off, walked over to the same Wal-Mart, and again met appellant.  R.Y. testified that after meeting appellant at Wal-Mart, appellant suggested that they walk across the street to Albertson’s because they could lock the bathroom door.  Appellant’s statement to police 

corroborated the fact that they had met at the Wal-Mart and walked to the Albertson’s.

R.Y. testified that after entering the bathroom, appellant said that he wanted to perform oral sex on R.Y. and wanted R.Y. to perform anal sex on him.  After appellant gave R.Y. oral sex, appellant handed him a condom, bent over the toilet, and told him to insert his penis into appellant’s anus.  R.Y. testified that after he ejaculated into the condom, appellant told him that he wanted to invite a friend over to join them.  However, appellant could not reach the friend on the phone, and R.Y. needed to get back to the movies to meet his father.  R.Y. did not tell his father about the bathroom incident at this time.

On March 1, 2004, appellant and R.Y. agreed to meet near R.Y.’s parents’ house.  R.Y. testified that he rode a four-wheeler into a vacant lot in his subdivision and waited for appellant to get there.  When appellant arrived, he followed R.Y. to a vacant house.  R.Y. next got into appellant’s truck and let appellant perform oral sex on him.  After appellant performed oral sex, appellant then suggested that they go behind the vacant house to have anal intercourse.  R.Y. agreed, followed appellant behind the house, and performed anal intercourse on appellant without a condom.  R.Y. testified that after he ejaculated inside of appellant, Carole’s car pulled into the lot.  

Carole testified that when she pulled up to the vacant lot, appellant was standing next to his truck.  She asked appellant if he knew who the four-wheeler belonged to, and appellant said “that his buddy David was [there] showing him the house, and his buddy David went to the back of the house to go to the restroom.”  Carole felt like something was wrong, so she wrote down appellant’s license plate number and started yelling for R.Y. 

R.Y. testified that he “was freaking out” because he “didn’t want to get caught.”  When he came around the back of the house, he told Carole that he had jumped off his four-wheeler because appellant was following him. 

R.Y. continued to tell his father and Carole this story until they confronted him the next day after school.  At that point, R.Y. told them that he and appellant had twice engaged in oral and anal intercourse.  R.Y. also testified that he was fourteen years old when the incidents occurred. 

Giving full play to the responsibility of the trier of fact to resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts, we hold that the evidence was legally sufficient to support the jury’s finding that appellant sexually assaulted R.Y., a minor, on two occasions.  
See 
Tex. Penal Code Ann.
 § 22.011(a)(2)(C), (c)(1).  Accordingly, we overrule appellant’s second issue.  

V.  Conclusion
 

Having overruled appellant’s two issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.