COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-397-CR

 

RICHARD LEE DAVIDSON                                                     APPELLANT

 

                                                    

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                   MEMORANDUM
OPINION[1] ON
REHEARING

 

                                              ------------

After reviewing appellant
Richard Lee Davidson=s motion for
rehearing, we deny the motion.  We
withdraw our December 7, 2006 opinion and judgment and substitute the following
in its place.

I.  Introduction








Appellant Richard Lee
Davidson appeals his four convictions and sentences for four counts of sexual
assault of a child.  In two issues,
appellant complains (1) that the trial court abused its discretion by failing
to grant a mistrial when the State committed prosecutorial misconduct by
improperly attempting to impeach a witness with alleged photographs of
appellant with nude children and (2) that the evidence is legally insufficient
to support the jury=s guilty
verdict.  We affirm.

II.  Background Facts

Appellant, a
forty-three-year-old man, first met R.Y., a fourteen-year-old boy, in a
Wal-Mart bathroom in January 2004, after R.Y. looked through a hole in the
stall and saw appellant masturbating. 
R.Y. and appellant exchanged phone numbers and communicated with each
other for several weeks through phone calls and text messages.  In February 2004, appellant and R.Y. met
again at the same Wal-Mart bathroom. 
While in Wal-Mart, appellant allegedly asked R.Y. if he wanted to go
across the street to the Albertson=s because its bathroom door had a lock.  R.Y. allegedly agreed and had oral and anal
intercourse with appellant in the Albertson=s bathroom. 








Appellant and R.Y. arranged
to meet for a third time on March 1, 2004, at a vacant house in R.Y.=s subdivision.  According to
R.Y., he and appellant had oral sex in appellant=s truck and anal sex behind the house. 
R.Y.=s
stepmother, Carole, concerned that R.Y. had been gone from their home for so
long, drove around the subdivision looking for R.Y. and saw his four-wheeler at
the vacant house.  When R.Y. saw her car,
he stopped having anal intercourse with appellant and began Afreaking out.@

R.Y. told Carole that he was
trying to get away from appellant because appellant was following him.  When R.Y. got home, he told his father the
same story.  When R.Y.=s father and Carole confronted him again the next day, however, R.Y.
told them that he and appellant had engaged in oral and anal intercourse.

III.  Appellant=s Prosecutorial Misconduct Claim

In his first issue, appellant
claims that the trial court abused its discretion by failing to grant a
mistrial when the State committed prosecutorial misconduct by improperly
attempting to impeach a witness with alleged photographs of appellant with nude
children during cross-examination at punishment. 

A.  Standard of Review








A trial court=s denial of a motion for mistrial is reviewed under an abuse of
discretion standard.  Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542 U.S. 905
(2004); Barnett v. State, 161 S.W.3d 128, 134 (Tex. App.CFort Worth 2005), aff=d, 189 S.W.3d 272 (Tex. Crim. App.
2006).  A trial court does not abuse its
discretion if its decision is at least within the zone of reasonable
disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g); Barnett, 161 S.W.3d at 134. 


B.  Analysis

The relevant exchange among
the trial court, the State, appellant=s trial counsel, and Anecandro Velasquez, appellant=s partner and roommate, is as follows:

[STATE:] 
And you said that you B is that B what
did you say, the defendant=s pattern is not to take nude
photographs of underage boys?

 

[VELASQUEZ:] 
That is correct.

 

[STATE]:  I=m
going to hand you what has been marked as State=s
Exhibit 23.  Do you recognize this?

 

[VELASQUEZ:] 
Yes.

 

[STATE:] 
And what would be on this document that I just handed you?

 

[DEFENSE COUNSEL:]  Object. 
Before he reads it out, we would like to see it. 

 

THE COURT: 
Are you just having him identify it at this point?

 

[STATE:] 
Let me ask it this way.  Are there
any photographs on this document?








 

[VELASQUEZ:] 
Yes.  

 

[STATE:] 
You recognize these photographs?

 

[VELASQUEZ:] 
Not specifically, no.

 

[STATE:]  You do not recognize
the photographs?

 

[VELASQUEZ:]  No.

 

[STATE:]  Do you recognize
anyone in the photographs?

 

[VELASQUEZ:]  I see Rich.

 

[STATE:]  And do you know where these photographs would
have come from? 

 

[DEFENSE COUNSEL:]  Judge, we are objecting and would like to be
able to approach the bench.  

 

The attorneys approached the
bench and the trial court removed the jury. Appellant=s counsel was concerned that the jury had heard that there was a
picture that depicted appellant with nude children, and that it could affect
the jury.  Counsel also objected to the
photograph after seeing it for the first time, arguing that the State would be
unable to lay a proper predicate due to the State=s inability to identify the people in the photo, their ages, and the
authenticity of the exhibit.  Ultimately,
the trial court sustained appellant=s objection and did not admit the exhibit.  At that point, appellant renewed his request
for a mistrial, stating,








[DEFENSE
COUNSEL:]  [A]nd the record should
reflect this, when the question was stated about it being his first sexual
encounter, I approached the bench immediately and attempted to object, and at
that time was in the process of asking for a mistrial and was informed by Your
Honor that it would be dealt with later, and so I thought it was an opportune
time to do it now that the jury was out.

Counsel argued that the State
violated a pretrial hearing agreement based on a motion in limine to approach
the trial court before asking questions about any witness=s sexual history.  According to
appellant, because the State=s questions about the photograph implied that he was a homosexual and
had been in prior sexual encounters with children, the jury was poisoned.  The trial court denied appellant=s requests for a jury instruction to disregard and for a mistrial,
stating that there was no harm or prejudice from the questions or answers.   








The trial court has a broad
range of remedies available to exercise its discretion as to both parties= conduct, which includes, among other actions, granting motions in
limine, sustaining or overruling objections, and instructing the jury.  See Lusk v. State, 82 S.W.3d
57, 63 (Tex. App.CAmarillo
2002, pet. ref=d).  Here, the trial court heard arguments from
both parties outside the presence of the jury on the nature and content of the
photograph and sustained appellant=s objection to its admission into evidence.  However, after hearing the arguments, the
trial court determined that appellant suffered no prejudice or harm by the
State=s exchange with Velasquez, and refused to instruct the jury to
disregard or grant a mistrial.  








Although the State=s questions and solicited answers about the photograph were certainly
not helpful to appellant, there is no evidence in the record establishing that
the questions and answers were prejudicial. 
See Simpson, 119 S.W.3d at 272. 
The State simply asked Velasquez to identify appellant in a photograph;
the State=s questions
did not elicit testimony regarding whether appellant was nude in the photograph
or whether other people, namely children, were in the photograph with
appellant.  Further, the photograph was
never admitted, so the jury never saw it. 
The trial court determined that appellant suffered no harm from this
exchange, but stopped the line of questioning before harm could occur by
sustaining appellant=s timely
objection to the admission of and further questioning about the
photograph.  See Lusk, 82 S.W.3d
at 63 (holding that the trial court has a broad range of remedies to stop and
alleviate harm).  Because appellant
suffered no harm, the trial court=s decisions to deny a curative jury instruction and the motion for
mistrial were not outside the zone of reasonable disagreement.  See Montgomery, 810 S.W.2d at 391; Barnett,
161 S.W.3d at 134.  Consequently, the
trial court did not abuse its discretion by denying appellant=s request for a mistrial.  See
Simpson, 119 S.W.3d at 272.  

Accordingly, we overrule
appellant=s first
issue.

IV.  Appellant=s Legal Insufficiency Issue

In his second issue,
appellant contends that the evidence is legally insufficient to prove that he
sexually assaulted R.Y. 

A.  Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165
S.W.3d 691, 693 (Tex. Crim. App. 2005). 








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The trier
of fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 

B.  Applicable Law

A person commits sexual
assault of a child if the person intentionally or knowingly causes the sexual
organ of the child to contact or penetrate the mouth or anus of the actor.  Tex.
Penal Code Ann. '
22.011(a)(2)(C) (Vernon Supp. 2006).  A
child is a person younger than seventeen years of age who is not the spouse of
the actor.  Id. ' 22.011(c)(1).  

C.  Analysis








Appellant asserts that R.Y.=s inconsistent testimony was the only evidence supporting the jury=s verdict.  Although R.Y.=s statements were at times inconsistent, evidence at trial showed that
these inconsistencies stemmed from R.Y.=s desire not to tell his father and Carole that he was gay.  Additionally, trial testimony from numerous
witnesses corroborated R.Y.=s statements that he and appellant had engaged in oral and anal
intercourse on two occasions.  

Appellant gave police a
written statement that he had first met R.Y. in a Wal-Mart bathroom after R.Y. Alooked under the stall and saw my erection.@  Similarly, R.Y. testified that
he looked through a hole in the Wal-Mart bathroom, saw appellant masturbating,
and later exchanged phone numbers with him.

R.Y. also testified that in
February 2004, he asked his father to drop him off at a movie theater, was
dropped off, walked over to the same Wal-Mart, and again met appellant.  R.Y. testified that after meeting appellant
at Wal-Mart, appellant suggested that they walk across the street to Albertson=s because they could lock the bathroom door.  Appellant=s statement to police 

corroborated the fact that they had met at the
Wal-Mart and walked to the Albertson=s.








R.Y. testified that after
entering the bathroom, appellant said that he wanted to perform oral sex on
R.Y. and wanted R.Y. to perform anal sex on him.  After appellant gave R.Y. oral sex, appellant
handed him a condom, bent over the toilet, and told him to insert his penis
into appellant=s anus.  R.Y. testified that after he ejaculated into
the condom, appellant told him that he wanted to invite a friend over to join
them.  However, appellant could not reach
the friend on the phone, and R.Y. needed to get back to the movies to meet his
father.  R.Y. did not tell his father
about the bathroom incident at this time.

On March 1, 2004, appellant
and R.Y. agreed to meet near R.Y.=s parents= house.  R.Y. testified that he rode a four-wheeler
into a vacant lot in his subdivision and waited for appellant to get
there.  When appellant arrived, he
followed R.Y. to a vacant house.  R.Y.
next got into appellant=s truck and
let appellant perform oral sex on him. 
After appellant performed oral sex, appellant then suggested that they
go behind the vacant house to have anal intercourse.  R.Y. agreed, followed appellant behind the
house, and performed anal intercourse on appellant without a condom.  R.Y. testified that after he ejaculated
inside of appellant, Carole=s car pulled into the lot.  

Carole testified that when
she pulled up to the vacant lot, appellant was standing next to his truck.  She asked appellant if he knew who the
four-wheeler belonged to, and appellant said Athat his buddy David was [there] showing him the house, and his buddy
David went to the back of the house to go to the restroom.@  Carole felt like something was
wrong, so she wrote down appellant=s license plate number and started yelling for R.Y. 

R.Y. testified that he Awas freaking out@ because he Adidn=t want to
get caught.@  When he came around the back of the house, he
told Carole that he had jumped off his four-wheeler because appellant was
following him. 








R.Y. continued to tell his
father and Carole this story until they confronted him the next day after
school.  At that point, R.Y. told them
that he and appellant had twice engaged in oral and anal intercourse.  R.Y. also testified that he was fourteen
years old when the incidents occurred. 

Giving full play to the
responsibility of the trier of fact to resolve conflicts in testimony, weigh
the evidence, and draw reasonable inferences from basic facts to ultimate
facts, we hold that the evidence was legally sufficient to support the jury=s finding that appellant sexually assaulted R.Y., a minor, on two
occasions.  See Tex. Penal Code Ann. ' 22.011(a)(2)(C), (c)(1). 
Accordingly, we overrule appellant=s second issue.  

                                          V.  Conclusion  

Having overruled appellant=s two issues, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 8, 2007











[1]See Tex. R. App. P. 47.4.