NO. 07-07-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 24, 2008
_____

GREGORY MOBLIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-302103; HON. BOB PERKINS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Gregory Moblin was convicted of sexually assaulting a child (his stepdaughter). He requests reversal of that conviction by claiming 1) the trial court erred in not allowing him to question the complainant as to whether she had been sexually active in the past, 2) the trial court erred in allowing the State's expert witness to opine on appellant's reaction to a pretext phone call from the complainant, 3) the trial court erred in allowing testimony from the complainant's grandmother as to the truth of the complainant's allegations, 4) the trial

court erred in allowing the State to pose a leading question, and 5) the evidence is factually insufficient to sustain the verdict. We affirm the judgment.

*Issue 1 - Evidence of Complainant's Past Sexual Activity*

In his first issue, appellant argues that he should have been allowed to question the sixteen-year-old complainant as to whether she had been sexually active prior to appellant's assault. With the encouragement of the police, the complainant had made two pretext telephone calls to appellant in which she informed him that she was pregnant and had not had sexual relations with anyone but him. Appellant contends the trial court erred in not letting him ask whether she was sexually active because it was misleading to leave the impression that the complainant had not engaged in sexual activity with others. We overrule the issue for two reasons.

First, the trial court could well have decided that the testimony was irrelevant given the reason why appellant cared to delve into it. Indeed, appellant does not argue that he was prevented from showing that *he* did not engage in prohibited sexual activity with the minor. Rather, he wanted to show that he was not the only one who had known her. Showing that others had been intimate with the youth does not somehow legitimize his conduct with her; indeed, we know of no rule or defense that says because a minor had sex with others, then the minor became lawful game for any adult having lustful tendencies. So, given his reason for wishing to develop the subject, we cannot say that the subject matter was relevant.

Second, even if appellant sought to dispel confusion or an inaccurate impression about the youth's sexual experience, evidence appears in the record doing so. It comes in the form of a witness testifying that a particular rape exam was not performed on the

2

youth because she did not meet one of the requisites. Thus, even if the result did not arise from appellant's own efforts, the goal he sought was achieved.

*Issue Two – No In-Camera Hearing*

Next, appellant complains about the trial court denying him an in-camera hearing under Rule 412 of the Texas Rules of Evidence so that he could delve into the youth's sexual experience. We overrule the issue.

Assuming that the evidence of the child's sexual experience was admissible, appellant did not satisfy the prerequisites for having a hearing under that rule. The latter states that an in-camera hearing may be held when effort is being made to develop specific instances of prior sexual conduct. TEX. R. EVID. 412(c). At trial, though, appellant's counsel informed the court that "I don't want to prove any specifics, Judge, just that the family knew she was sexually active, not specifics of [how] many, who, whatever." Not wanting to develop specifics, appellant failed to trigger the need for the hearing.

*Issue 3 - Expert Testimony*

In his third issue, appellant complains of the trial court's decision to overrule his objection to certain testimony by the State's expert witness. The testimony concerned a hypothetical posed to a psychologist. He was asked about the meaning of a potential response by a perpetrator who was told that his victim was pregnant and he was the only person with whom she had sexual relations. Appellant objected, contending that "[i]t's calling for speculation and outside of his area of expertise." The objection was overruled, and the witness uttered that the failure to deny the allegation was tantamount to a confession. We overrule the issue.

3

Appellant asserts before us that the matter was objectionable since it served to bolster the credibility of the victim or constituted opinion evidence on the truthfulness of the victim. Neither ground was mentioned at trial, however. Thus, they cannot be used here to attack the ruling. *Guevara v. State,* 97 S.W.3d 579, 583 (Tex. Crim. App. 2003).

*Issue 4 - Opinion as to Truthfulness*

Appellant's next issue also relates to an evidentiary matter. He objects to the trial court's admission of the following testimony by the complainant's grandmother:

> Q. And after you had received that information [that the complainant was accusing her stepfather of sexual assault] did that end your time there at the police station with the child abuse unit, the detectives, or did you stay there longer?

> A. No. A little bit longer. And while we were there Tracie and I were discussing the situation. And, you know, like I said, if KB [the complainant] said it, you know, it has to be true.

According to appellant, the evidence was inadmissible because it constituted opinion evidence bolstering the truthfulness of the victim. We overrule the issue.

First, appellant cites no authority supporting his contention. Without same, the issue is inadequately briefed and, therefore, waived. *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

Second, while appellant may have raised the objection in question below, he raised others as well, namely hearsay. Furthermore, the objection was sustained on grounds of hearsay. However, other than saying "[t]hat's not what she said," the trial court did not address the ground before us. And, instead of securing a ruling on the objection, counsel immediately broached his hearsay exception, on which the trial court expressly ruled. Having received no ruling upon the ground now at issue, it was not preserved for review. *Lusk v. State,* 82 S.W.3d 57, 60 (Tex. App.–Amarillo 2002, pet. ref'd).

*Issue 5 - Leading Question*

Appellant next complains of the trial court's failure to sustain his objection to a leading question. We overrule the issue.

It is within the discretion of the trial court whether to allow leading questions on direct examination. *Wise v. State,* 223 S.W.3d 548, 558 (Tex. App.–Amarillo 2007, pet. ref'd). To show an abuse of discretion, the defendant must show he was unduly prejudiced. *Id.* More importantly, error in allowing leading questions seldom results in reversible error. *Uhl v. State,* 479 S.W.2d 55, 57 (Tex. Crim. App. 1972).

In his brief, appellant merely concluded that he was prejudiced but offered no explanation illustrating why that was supposedly true. Because of that omission, he did not meet his burden to prove undue prejudice. Nor do we find any prejudice after reviewing the record.

*Issue 6 - Sufficiency of the Evidence*

Although appellant indicates that he challenges the sufficiency of the evidence supporting his conviction, he has failed to provide any briefing on that matter. Because of that the complaint was waived, and we overrule it. *See* TEX. R. APP. P. 38.1(h) (stating that an appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *Coble v. State,* 871 S.W.2d 192, (Tex. Crim. App. 1992) (stating that the failure to present any argument or authority on appeal waives the complaint).

The judgment of the trial court is affirmed.


Brian Quinn

Do not publish.                                  Chief Justice

5