NO. 07-10-00033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 23, 2010

_____

DON DOUGLAS MCDANIEL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 60591-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK  JJ.

**MEMORANDUM OPINION**

Appellant, Don Douglas McDaniel, was convicted of failure to comply with sex offender registration requirements.[1]  Appellant's indictment contained two prior felony convictions alleged for punishment enhancement purposes.[2]  A jury convicted appellant of failure to register and found that the punishment enhancement paragraphs were true. Appellant was sentenced to 75 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  Appellant's single issue on appeal is

_____

[1] See TEX. CODE CRIM. PROC. ANN. art. 62.102 (Vernon 2006).

[2] See TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009).

that the trial court committed reversible error when it denied his motion for mistrial. Disagreeing with appellant, we will affirm.

## Factual and Procedural Background

Because appellant does not contest the sufficiency of the evidence to sustain the judgment of the trial court, we will only recite those facts necessary for determination of the issue before us. Appellant was indicted during the July term of 2009 for the instant offense.[3] Subsequently, on October 5, 2009, the trial court conducted a hearing on pre-trial matters. One of the motions filed by appellant was a motion in limine. During the discussion of this motion, the following colloquy took place:

> Trial Counsel (TC): Yes, we have a Motion in Limine to — on the State's use of prior convictions and extraneous offenses. And we've asked in the guilt-innocence portion of the trial, before they -- their witnesses or they ask questions of the witnesses regarding any of these that may have occurred that we approach the Bench and possibly have a hearing out of the presence of the jury.

> State's Counsel (SC): Judge, I don't have any problem in regard to the enhancement paragraphs in the indictment. Obviously those are not relevant in guilt-innocence phase of the trial.

> But as part of the jurisdictional paragraphs, the paragraphs that the jury is going to have to make a decision on, one of the elements of the offense is to show that he is required to register as a sex offender based upon a reportable conviction for indecency with a child by sexual contact. So, that

---

[3] The charging portion of the indictment contained two prior convictions. The first alleged appellant had been previously convicted of an offense requiring registration. The second conviction alleged that appellant had previously been convicted of failure to register as a sex offender. Both of these priors were part of the elements of the offense charged against appellant and different convictions from the ones used for punishment enhancement. See TEX. CODE CRIM. PROC. ANN. art. 62.102

is something the State has to prove. We object to having to be required to approach the Bench before putting evidence on that.

After further discussion, the trial court ultimately made the following ruling:

Trial Court: Besides those, the Court will grant your Motion in Limine, except for the ones [they] have to prove in the guilt-innocence stage in order to fulfill the requirements under the indictment.

After the pre-trial matters were heard and ruled on, the case was set for trial to begin on December 7, 2009. Prior to beginning the jury voir dire process, the trial court inquired about any outstanding pre-trial matters. The State's attorney responded thusly:

Judge, the only thing I have is, I will have a request to have the Defendant fingerprinted prior to beginning evidence tomorrow for one of our witnesses. I will have a motion to have the Defendant fingerprinted for purposes of comparing prints.

Part of the case-in-chief is the requirement to prove up a jurisdictional paragraph, which makes this a second-degree felony, which is a prior conviction. So, we'll have to have that so we can prove up that pen pack in the guilt-innocence phase of the trial. It's kind of like a felony DWI. And I have already discussed that with [appellant's counsel].

The other enhancement paragraphs are only punishment issues.

The trial court subsequently stated, "Okay. So, we'll stick with the ones we already have and the Court has already ruled on and obviously those rulings will continue." Subsequently, both sides began voir dire. During the State's voir dire, reference to the jurisdictional prior offenses was again made with a specific reference to a prior conviction of failure to register as a sex offender. This reference was made without objection by appellant. After the jury had been selected, the State proceeded with its case-in-chief.

3

The State's first witness was Debbie Gaines, a probation officer in Potter County. After Gaines identified her employment as a supervision officer for sexual offenders, the following questions and answers occurred:

Q. All right.  Do you know an individual by the name of Don McDaniel?

A.  Yes.

Q. Do you see him here in the courtroom today?

A. Yes, I do.

Gaines identified appellant and pointed out where he was seated in the courtroom.  The State's attorney then asked the following, which led to appellant's objection:

Q. How do you know this Defendant?

A. I supervised Mr. McDaniel.

Q. And when did you do that?

A. The first time from '96 to 2001.

Q. All right.  '96 to 2001.  When- - -

At which point, appellant's trial counsel asked to approach the bench.  In a conference outside the presence of the jury, trial counsel's first action was to remind the Court that a motion in limine had been filed, however, the balance of that conversation was conducted off the record.  Subsequently, when the Court went back on the record, appellant's trial counsel, the State's counsel, and the Court had another lengthy

4

discussion about appellant having had an original conviction requiring registration as a sex offender and a subsequent offense for failure to register. The State's counsel pointed out that both of these offenses had been pleaded as part of the elements of the offense. Ultimately, appellant's counsel took the position that the statement by the witness ". . . could tend to confuse the jury and in that case, I'd ask for a mistrial." The trial court overruled the motion.

After hearing the evidence, the jury found appellant guilty as charged in the indictment and, following the punishment phase of the trial, sentenced appellant to confinement in the ID-TDCJ for a term of 75 years. Appellant appeals contending that the trial court erred in overruling his motion for mistrial.

From a review of the record before us, it is unclear what appellant's initial objection was. However, from a totality of the record, it is clear that the trial court overruled the objection of appellant. Appellant contends, and the State responds accordingly, that the action of the trial court was simply to overrule the motion for a mistrial. Along those lines, all parties have primarily addressed that issue. However, from this Court's perspective, it appears that what the trial court did is simply overrule an objection to the admission of the testimony of Gaines. This being so, we will address the case as being one of evidentiary admissibility of Gaines's testimony.

## Standard of Review

When addressing issues relating to the trial court's admission of evidence, the abuse of discretion standard applies. See Billodeau v. State, 277 S.W.3d 34, 39 (Tex.Crim.App. 2009). A reviewing court applying the abuse of discretion standard should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996). Additionally, an appellate court will review the trial court's ruling in light of what was before the trial court at the time the ruling was made. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). In the absence of findings of fact and conclusions of law, the trial judge's decision will be sustained if it is correct on any theory of law applicable to the case. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

## Analysis

Under the facts with which we are presented, Gaines's answer could have gone to the two priors that were elements of the offense. This was discussed in a conference at the bench. Further, the objection was couched as a violation of the motion in limine. Such an attempted classification is problematic for two reasons. First, the trial court clearly eliminated the jurisdictional priors from the granting of the motion in limine. Second, the violation of a motion in limine is, in and of itself, not an objection to the admissibility of evidence nor is such a ruling determinable on the admissibility of evidence. See Lusk v. State, 82 S.W.3d 57, 60 (Tex.App.—Amarillo 2002, pet. ref'd).

We take all of the facts and circumstances known to the trial judge into consideration when deciding if the trial court has abused its discretion. <u>Weatherred</u>, 15 S.W.3d at 542. Because the objected to testimony, when viewed with all that was known by the trial court at the time of the ruling, was admissible, the trial court could not have abused its discretion. <u>Green</u>, 934 S.W.2d at 102. Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's issue, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.

7