NO. 07-10-00448-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
8, 2010

 



 

VIRGIL LYNN SPENCER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,237-A; HONORABLE DAN L. SCHAAP, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On April
15, 2009, appellant, Virgil Lynn Spencer, was placed on deferred adjudication
community supervision for a period of five years relating to three charges of
aggravated assault with a deadly weapon. 
The State filed a motion to revoke order granting unadjudicated
probation on February 9, 2010.  Following
a hearing on the State’s motion, appellant was convicted of each of the three
counts of aggravated assault with a deadly weapon.  On September 1, 2010, appellant was sentenced
to incarceration in the Texas Department of Criminal Justice, Institutional
Division, for a period of six years for each count, with the sentences to run
concurrently.  On October 7, 2010,
appellant filed a document that expressed his desire to appeal from the
judgment adjudicating appellant’s guilt. [1]  We dismiss for want of jurisdiction.

Unless
certain post-judgment motions are filed, a defendant must file a written notice
of appeal with the trial court clerk within 30 days after the date sentence is
imposed.  Tex. R. App. P.
26.2(a).  The Texas
Rules of Appellate Procedure provide for a 15-day extension in which to file a
notice of appeal if it is accompanied by a motion for extension of time.  Tex.
R. App. P. 26.3.  While
appellant’s notice of appeal was filed within this 15-day period, it was not
accompanied by a motion for extension of time to file notice of appeal that
complied with Rule 10.5(b).  See Tex. R. App. P. 26.3.  As such, this Court is without jurisdiction
over this appeal.  See Olivo v. State, 918 S.W.2d
519, 522 (Tex.Crim.App. 1996).  Because this Court is without jurisdiction to
address the merits of this appeal, we have no authority to take any action
other than to dismiss the appeal.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly,
the purported appeal is dismissed for want of jurisdiction.[2]

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.  











[1]
Appellant=s letter complies with the
requirements of a notice of appeal and this Court has deemed it sufficient
notice of appeal.  See Tex. R. App. P. 25.2(c).





[2] Appellant may have recourse by
filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals for consideration of an out-of-time appeal.  See Tex.
Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2007).








style="color: #000000"> The jury
was free to disbelieve appellant’s wife’s testimony, and we cannot agree with appellant that
the inconsistencies to which he refers render the evidence presented insufficient.Viewing the entire record in a neutral light, we do not find the evidence favoring guilt
is so weak that the jury’s verdict seems clearly wrong and manifestly unjust or that, giving due
consideration to the evidence contrary to the verdict, the great weight and preponderance of
all the evidence contradicts the jury’s verdict. The evidence is factually sufficient. 
          We overrule appellant’s fourth issue.
Denial of Motions for Mistrial
          Appellant’s first issue involves statements contained in two of his jailhouse telephone
conversations, which were recorded and admitted into evidence for the limited purpose of
showing contact between appellant and Tiffeni Martinez or her husband Andrew. In one
statement the jury heard, in a conversation with Tiffeni Martinez appellant made reference
to his previous experience with a court-appointed attorney. The second statement, also made
during a conversation with Tiffeni Martinez, was a comment to the effect that Davey
Enriquez’s record was worse than appellant’s and that Enriquez’s bail would likely be a lot
higher. Appellant timely objected to admission of both statements as evidence of extraneous
offenses.


 The trial court sustained both objections, and instructed the jury to disregard the
statements, but denied appellant’s motion for a mistrial. On appeal, appellant contends the
trial court abused its discretion by denying a mistrial after the jury heard the second
statement.


 
 
          The denial of a motion for mistrial is reviewed under the standard of abuse of
discretion. Webb v. State, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); Lusk v. State, 82
S.W.3d 57, 60 (Tex.App.–Amarillo 2002, pet. ref’d), citing Trevino v. State, 991 S.W.2d 849,
851 (Tex.Crim.App. 1999). A trial court does not abuse its discretion when its decision is
within the zone of reasonable disagreement. Wead v. State, 129 S.W.3d 126, 129
(Tex.Crim.App. 2004); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op.
on reh’g). It is presumed the jury will obey an instruction to disregard. Nichols v. State, 754
S.W.2d 185, 200 (Tex.Crim.App. 1988). Testimony referring to extraneous offenses thus can
be rendered harmless by an instruction to disregard it, unless it is so clearly calculated to
inflame the minds of the jury and is of such a nature as to suggest the impossibility of
withdrawing the impression produced. Lusk, 82 S.W.3d at 60, citing Kemp v. State, 846
S.W.2d 289, 308 (Tex.Crim.App. 1992). Accordingly, a mistrial is appropriate only when the
event is “so emotionally inflammatory that curative instructions are not likely to prevent the
jury from being unfairly prejudiced against the defendant.” Id. at 60. 
          We find no abuse of discretion in the trial court’s denial of a mistrial. There is nothing
especially inflammatory about the references the jury heard to appellant’s prior experience
with a court-appointed attorney and appellant’s “record.” The statements of which appellant
complains are of the nature courts have found curable by instructions to disregard. In
Tennard v. State, 802 S.W.2d 678, 685 (Tex.Crim.App. 1990), the court found a prompt
limiting instruction given after a witness referred to the defendant’s prior prison time cured any
error. The same conclusion was reached in Barney v. State, 698 S.W.2d 114, 125
(Tex.Crim.App. 1985), in which the court determined that an instruction to disregard a
reference to appellant’s status as an “ex-con” sufficiently cured any error. The court noted
that an accused may not be tried for some collateral crime or for being a criminal; however,
not every improper response requires reversal and, except in extreme cases, if a timely
objection to the remark is sustained, and the trial court instructs the jury to disregard, the error
is cured. Id. Likewise, in Evans v. State, 643 S.W.2d 157, 161 (Tex.App.–Austin 1982, no
writ), the court found error was cured by an instruction to disregard when an officer testified
that the victim was shown a second photographic lineup because the defendant had been
implicated as a member of a robbery team. See also Kemp, 846 S.W.2d at 308.
          Appellant contends the court’s instructions to disregard were ineffective because too
much time elapsed between the jury’s reception of the objectionable statements and the
court’s instructions. We disagree. In both instances, the record reflects the evidence was
heard by the jury, the court considered objections, heard argument, ruled on the objections
and then gave instructions to the jury. Although the jury was removed from the courtroom on
the second instance and the amount of time that elapsed is not clear from the record, the
court gave the instruction to disregard immediately on the jury’s return to the courtroom after
a recess.


 The instructions were given as promptly as possible under the circumstances,
and we find their presumed curative effect here was not allayed. Cf. Fuller v. State, 827
S.W.2d 919, 926 (Tex.Crim.App. 1992) (instruction given morning after objectionable
reference to collateral offense too late to cure error by itself).
          We overrule appellant’s first issue.
Denial of Due Process by Refusing to Exclude Evidence
          At appellant’s behest, before Danielle Holmes testified she was subjected to voir dire
examination outside the jury’s presence, concerning the circumstances under which she
overheard the first conversation between appellant and Woody on May 20. She told the court
part of the conversation she overheard took place inside her home. She said appellant and
Woody left the house at a point, however, and the rest of their conversation took place at the
curb alongside appellant’s vehicle. Holmes testified she had a security camera mounted
outside her home at the time, and it had the capability to transmit sound, as well as video
images. The camera was wired into her television. Holmes said when appellant and Woody
went outside during their conversation, she turned up the volume control on her television
because she wanted to hear what they were saying. By this means, she said, she heard
appellant make some of the incriminating statements to which she later testified.
 
          Shortly before trial, appellant caused a subpoena duces tecum to be issued to Holmes,
requiring her to appear at trial, and to bring with her the audio and video equipment. Holmes
did not bring the equipment to trial, and told the court her security system did not record its
video or audio transmissions and the camera hardware had been stolen. Appellant objected
that allowing her to testify about the curbside conversation without allowing him the
opportunity to test the equipment by which she claimed to have heard the conversation
deprived him of a fair trial. The court overruled appellant’s objections, and allowed Holmes
to testify to the extent it did not require expert or specialized knowledge.
           By his third issue, appellant reiterates his contention he was denied due process of law
by the trial court’s refusal to exclude Holmes’s testimony to the contents of the curbside
conversation. In considering a trial court’s ruling on the admissibility of evidence, we
determine whether the trial court abused its discretion. Montgomery, 810 S.W.2d at 372. A
trial court abuses its discretion when it acts without reference to any guiding rules and
principles. Id. Further, an appellate court must uphold the trial court’s ruling if it is reasonably
supported by the record and is correct under any theory of law applicable to the case. State
v. Ross, 32 S.W.3d 854, 856 (Tex.Crim.App. 2000).
          Appellant cites article 24.02 of the Code of Criminal Procedure, which provides that
if a witness possesses any instrument or writing or other thing desired as evidence, a
subpoena may specify that evidence and direct the witness to produce it in court. Tex. Code
Crim. Proc. Ann. art. 24.02 (Vernon 1989). We held in Martin v. Darnell, 960 S.W.2d 838,
841 (Tex.App.–Amarillo 1997, no pet.) that a defendant’s right under the statute to secure
evidence material to his defense arises out of the Sixth Amendment right to compulsory
process.


 As was the case in Martin, 960 S.W.2d at 842, the record here compels the
conclusion appellant was not denied any right given him by article 24.02. By its terms, article
24.02 applies to things in the possession of a witness. Holmes told the court the equipment
appellant sought had been stolen. 
          We next consider whether due process required the trial court to exclude Holmes’s
testimony despite the inapplicability of article 24.02. See Martin, 960 S.W.2d at 842
(examining whether constitutional right required that defendant have greater access to
documents sought than that provided by statute). Appellant treats the issue as involving a
restriction of the right to compulsory process, citing Washington v. Texas, 388 U.S. 14, 87
S.Ct. 1920, 18 L.Ed.2d 1019 (1967) and Coleman v. State, 966 S.W.2d 525 (Tex.Crim.App.
1998). Appellant’s contention also bears similarity to those discussed in Pennsylvania v.
Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982) (referring to case
law “in what might loosely be called the area of constitutionally guaranteed access to
evidence”) and Thomas v. State, 837 S.W.2d 106 (Tex.Crim.App. 1992), all involving
defendants who were deprived in some manner of access to or use of evidence. In some
instances, the deprivation is treated as a violation of the right of confrontation. See, e.g.,
Ritchie, 480 U.S. at 51, 107 S.Ct. at 998. The Supreme Court also has noted the confluence
of its analysis of compulsory process claims and due process protections. Ritchie, 480 U.S.
at 56, 107 S.Ct. at 1001; Valenzuela-Bernal, 458 U.S. at 872, 102 S.Ct. at 3449 (Court has
“borrowed much of our reasoning with respect to the Compulsory Process Clause . . . from
cases involving the Due Process Clause”). Here, so far as the record shows, the equipment
appellant sought was no longer available to Holmes when it was subpoenaed. This factor
distinguishes appellant’s case from Martin. 960 S.W.2d at 840; see also Dixon v. State, No.
03-01-00459-CR, 2002 WL 31206210, *2 (Tex.App.–Austin, October 3, 2002 pet. ref’d)
(mem. op., not designated for publication) (distinguishing Thomas by noting information there
sought by defendant was known to exist). 
          After considering the authorities we have cited and others, we conclude that factor,
together with one or more of the following additional factors, takes appellant’s claim outside
the requirements of due process and of the Compulsory Process Clause: (1) so far as the
record shows, not only was the equipment not available, it always was in the hands of
Holmes, and its unavailability in no way resulted from any State action, see Ritchie, 480 U.S.
at 43, 107 S.Ct. at 994 (state child abuse law made information sought confidential); Thomas,
837 S.W.2d at 109 (statute then prohibited production of Crime Stoppers records); (2) the
record provides no basis to evaluate whether the equipment’s availability would have resulted
in evidence material or favorable to appellant, see Washington v. Texas, 388 U.S. at 16, 87
S.Ct. at 1922 (undisputed that excluded testimony would have been relevant and material);
and (3) appellant’s cross-examination of Holmes was not limited by the trial court, see Ritchie,
480 U.S. at 52-54, 107 S.Ct. at 999-1000 (evaluating contention under Confrontation Clause). 
We thus conclude the admission of Holmes’s testimony concerning appellant’s statements
she overheard, despite her failure to produce the mechanical means by which she said she
overheard them, did not violate appellant’s due process or other constitutional rights. We
overrule appellant’s third issue.
Conclusion
          Having overruled each of appellant’s issues, we affirm the judgment of the trial
court. 
 
                                                                           James T. Campbell

                                                                                     Justice

 
 
Publish.

 
 
Quinn, C.J., not participating.