NO. 07-11-00135-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
8, 2011

 



 

ERON NEMIQUE KINLEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 61,788-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND
REMAND

 

Appellant Eron
Nemique Kinley, on March
28, 2011, filed notice of appeal from a conviction and sentence. Although the
clerk’s record has not been filed, we were provided a copy of appellant’s
certification of right of appeal.  The
document was signed by the trial court, appellant, and appellant’s
counsel.  According to the certification,
the case “is not a plea-bargain case, and [appellant] has the right of appeal,”
and appellant “has waived the right of appeal.”

Under Rule of Appellate Procedure
25.2(d), appellant cannot at the same time have the right of appeal and have
waived that right.  Tex.
R. App. P. 25.2(d). The certification provided us is thus
defective.  Tex. R. App. P. 37.1.  Accordingly, we abate the appeal and remand
the cause to the 108th Judicial District Court of Potter County for further
proceedings.  On remand, the trial court
shall utilize whatever means it finds necessary to secure and file with this
court a certification of appellant’s right of appeal that complies with Rule
25.2(d).  Tex. R. App.
P. 25.2(d); 37.1.

If necessary, the trial court shall
execute findings of fact and conclusions of law, and render any necessary
orders regarding the aforementioned issues. 
It shall cause its findings and conclusions, orders, if any, and a
proper certification of right to appeal to be included in a supplemental
clerk’s record.  Any hearing of the
matter shall be recorded and included in a supplemental reporter’s record.  The trial court shall file the supplemental
clerk’s record and the supplemental reporter’s record, if any, with the clerk
of this court by May 9, 2011.

It is so ordered.

Per Curiam

 

 

Do not
publish. 

 

            








 






ftn3" name="_ftnref3" title="">[3]  Subsequently, on October 5, 2009, the trial
court conducted a hearing on pre-trial matters. 
One of the motions filed by appellant was a motion in limine.  During the
discussion of this motion, the following colloquy took place:

Trial Counsel (TC): Yes, we have a Motion in Limine to — on the State’s use of
prior convictions and extraneous offenses. 
And we’ve asked in the guilt-innocence portion of the trial, before they
-- their witnesses or they ask questions of the witnesses regarding any of
these that may have occurred that we approach the Bench and possibly have a
hearing out of the presence of the jury.

 

State’s Counsel (SC): Judge, I don’t have any problem
in regard to the enhancement paragraphs in the indictment.  Obviously those are not relevant in
guilt-innocence phase of the trial.

 

But as part of the jurisdictional paragraphs, the
paragraphs that the jury is going to have to make a decision on, one of the
elements of the offense is to show that he is required to register as a sex
offender based upon a reportable conviction for indecency with a child by
sexual contact.  So, that is something
the State has to prove.  We object to
having to be required to approach the Bench before putting evidence on that.

 

After further discussion, the trial
court ultimately made the following ruling: 


Trial Court: 
Besides those, the Court will grant your Motion in Limine,
except for the ones [they] have to prove in the guilt-innocence stage in order
to fulfill the requirements under the indictment.

 

            After the pre-trial matters were
heard and ruled on, the case was set for trial to begin on December 7,
2009.  Prior to beginning the jury voir dire process, the trial court inquired about any
outstanding pre-trial matters.  The
State’s attorney responded thusly:

Judge, the only thing I have is, I will have a
request to have the Defendant fingerprinted prior to beginning evidence
tomorrow for one of our witnesses.  I
will have a motion to have the Defendant fingerprinted for purposes of
comparing prints.  

Part of the case-in-chief is the requirement to prove up a
jurisdictional paragraph, which makes this a second-degree felony, which is a
prior conviction.  So, we’ll have to have
that so we can prove up that pen pack in the guilt-innocence phase of the
trial.  It’s kind of like a felony
DWI.  And I have already discussed that
with [appellant’s counsel].  

The other enhancement paragraphs are only punishment issues.

The trial court subsequently stated,
“Okay. So, we’ll stick with the ones we already have and the Court has already
ruled on and obviously those rulings will continue.”  Subsequently, both sides began voir dire.  During
the State’s voir dire, reference to the
jurisdictional prior offenses was again made with a specific reference to a
prior conviction of failure to register as a sex offender.  This reference was made without objection by
appellant.  After the jury had been
selected, the State proceeded with its case-in-chief.

            The
State’s first witness was Debbie Gaines, a probation officer in Potter
County.  After Gaines identified her
employment as a supervision officer for sexual offenders, the following
questions and answers occurred:

Q. All right. 
Do you know an individual by the name of Don McDaniel?

A.   Yes.

Q. Do you see him here in the courtroom today?

A. Yes, I do.

Gaines identified appellant and
pointed out where he was seated in the courtroom.  The State’s attorney then asked the
following, which led to appellant’s objection:

Q. How do you know this Defendant?

A. I supervised Mr. McDaniel.

Q. And when did you do that?

A. The first time from ’96 to 2001.

Q. All right.  ’96 to 2001. 
When- - -

At which point, appellant’s trial
counsel asked to approach the bench.  In
a conference outside the presence of the jury, trial counsel’s first action was
to remind the Court that a motion in limine had been filed, however, the balance of that conversation was
conducted off the record.  Subsequently,
when the Court went back on the record, appellant’s trial counsel, the State’s
counsel, and the Court had another lengthy discussion about appellant having
had an original conviction requiring registration as a sex offender and a
subsequent offense for failure to register. 
The State’s counsel pointed out that both of these offenses had been
pleaded as part of the elements of the offense. 
Ultimately, appellant’s counsel took the position that the statement by
the witness “. . . could tend to confuse the jury and in that case, I’d ask for
a mistrial.”  The trial court overruled
the motion.

            After
hearing the evidence, the jury found appellant guilty as charged in the
indictment and, following the punishment phase of the trial, sentenced
appellant to confinement in the ID-TDCJ for a term of 75 years.  Appellant appeals contending that the trial
court erred in overruling his motion for mistrial.

            From
a review of the record before us, it is unclear what appellant’s initial
objection was.  However, from a totality
of the record, it is clear that the trial court overruled the objection of
appellant.  Appellant contends, and the
State responds accordingly, that the action of the trial court was simply to
overrule the motion for a mistrial. 
Along those lines, all parties have primarily addressed that issue.  However, from this Court’s perspective, it
appears that what the trial court did is simply overrule an objection to the
admission of the testimony of Gaines. 
This being so, we will address the case as being one of evidentiary
admissibility of Gaines’s testimony.




 

Standard of Review

            When
addressing issues relating to the trial court’s admission of evidence,
the abuse of discretion standard applies. 
See Billodeau v. State, 277 S.W.3d 34, 39 (Tex.Crim.App.
2009).  A reviewing court applying the
abuse of discretion standard should not reverse a trial judge’s decision whose
ruling was within the zone of reasonable disagreement.  Green v. State, 934
S.W.2d 92, 102 (Tex.Crim.App. 1996).  Additionally, an appellate court will review
the trial court’s ruling in light of what was before the trial court at the
time the ruling was made.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App.
2000).  In the absence of findings
of fact and conclusions of law, the trial judge's decision will be sustained if
it is correct on any theory of law applicable to the case.  See State v. Ross,
32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

Analysis

            Under
the facts with which we are presented, Gaines’s answer could have gone to the
two priors that were elements of the offense. 
This was discussed in a conference at the bench.  Further, the objection was couched as a
violation of the motion in limine.  Such an attempted classification is
problematic for two reasons.  First, the
trial court clearly eliminated the jurisdictional priors from the granting of
the motion in limine. 
Second, the violation of a motion in limine
is, in and of itself, not an objection to the admissibility of evidence nor is
such a ruling determinable on the admissibility of evidence.  See Lusk v. State,
82 S.W.3d 57, 60 (Tex.App.—Amarillo 2002, pet. ref’d).

            We
take all of the facts and circumstances known to the trial judge into consideration
when deciding if the trial court has abused its discretion.  Weatherred, 15 S.W.3d at 542. 
Because the objected to testimony, when viewed with all that was known
by the trial court at the time of the ruling, was admissible, the trial court could
not have abused its discretion.  Green,
934 S.W.2d at 102. 
Accordingly, appellant’s issue is overruled.

Conclusion

Having
overruled appellant’s issue, the judgment of the trial court is affirmed.

            








 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.  











[1] See Tex.
Code Crim. Proc. Ann. art.
62.102 (Vernon 2006).

 





[2] See Tex.
Penal Code Ann. § 12.42(d)
(Vernon Supp. 2009).

 





[3] The charging portion of the indictment contained two
prior convictions.  The first alleged
appellant had been previously convicted of an offense requiring
registration.  The second conviction
alleged that appellant had previously been convicted of failure to register as
a sex offender.  Both of these priors
were part of the elements of the offense charged against appellant and
different convictions from the ones used for punishment enhancement.  See Tex.
Code Crim. Proc. Ann. art.
62.102